Charles MATTHEWS, Appellant,

v.

UNITED STATES of America, Appellee.

Norman PANNELL, Appellant,

v.

UNITED STATES of America, Appellee.

Valeria PANNELL, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 17475, 17557, 17558.

United States Court of Appeals District of Columbia Circuit.

Argued May 15, 1963.

Decided May 29, 1963.

Petition for Rehearing En Banc Denied En Banc July 30, 1963.

See also 320 F.2d 698.

---

Gerald A. Messerman, Asst. U. S. Atty., also entered an appearance for appellee in No. 17557.

Before FAHY, WASHINGTON and BURGER, Circuit Judges.

## PER CURIAM.

■ In No. 17475 the appellant Matthews was indicted with others for violations of the federal narcotics laws, 21 U.S.C. § 174, 26 U.S.C. § 4704(a), and 26 U.S.C. § 4705(a). One count charged conspiracy, the others substantive offenses involving 7 transactions each of which gave rise to 3 counts. At a rather lengthy trial appellant was convicted of three counts which grew out of one of the transactions. The principal testimony against him was that of an accomplice who was shown to have a very unsavory criminal record. Because of this and the fact that the witness had himself used drugs appellant contends that the trial court failed to instruct the jury strongly enough as to the caution with which the jury should consider this testimony, refusing to grant an instruction presented by appellant's counsel.

The court, while instructing the jury that it might convict on the uncorroborated testimony of an accomplice, instructed also that such testimony should be received with caution and scrutinized with care and that the jury should convict upon such uncorroborated testimony only after they had carefully and cautiously scrutinized it. Considering this instruction along with that given on credibility in general we think the court did not err in not enlarging upon this aspect of the case. See Fletcher v. United States, 81 U.S.App.D.C. 306, 158 F.2d 321 (1946). The judgment in No. 17475 accordingly will be affirmed.

Mr. John A. Shorter, Jr., Washington, D. C., for appellant in No. 17475.

Mr. Robert B. Yorty, Washington, D. C. (appointed by this court) for appellants in Nos. 17557 and 17558.

Mr. Barry Sidman, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Frederick G. Smithson, Asst. U. S. Attys., were on the brief, for appellee. Mr.

In Nos. 17557 and 17558 appellants therein, husband and wife, were included in the same indictment involved in No. 17475. These appellants were also convicted on 3 counts growing out of one alleged transaction. Their several contentions, followed by our disposition of them, are now set forth.

742

**1.** It is contended that their motions for severance should have been granted.

Since the conspiracy and substantive counts related to the same transactions, their joinder in the indictment was permissible under Fed.R.Crim.P. 8. And continued joinder was proper because there was evidence of conspiracy which permitted the submission of that charge to the jury. The right to severance in these circumstances depended upon whether appellants were prejudiced by being tried with others who were included in the charge of conspiracy and in substantive charges. Fed.R.Crim.P. 14. Appellants were acquitted of conspiracy, so no prejudice in that respect arose. And we are unable to find prejudice in the taking of evidence, the giving of instructions, or the conduct of the trial generally. We conclude, therefore, that the trial court did not err in the exercise of its discretion in denying the severance motion made during the trial.

**2.** It is contended that the court erred in refusing to grant appellants' motions for acquittal, based on their claim that the evidence showed entrapment as matter of law.

The issue of entrapment was properly left to the jury in the state of the evidence, so that appellants were not in law entitled to an acquittal. Cf. Johnson v. United States, 115 U.S.App.D.C. ——, 317 F.2d 127 (1963).

**3.** It is contended that the court erred in admitting evidence of appellants' alleged prior dealings in narcotics with a co-defendant.

Considering the restrictions placed by the trial judge upon the use by the jury of the evidence referred to we think no prejudicial error occurred in its admission.

**4.** It is contended that Valeria Pannell's motion for mistrial, based upon testimony by the principal government witness of a remark made by this appellant, should have been granted.

The court instructed the jury to disregard the remark. Because of this, and the remote relation of the remark to any issue at the trial, we think the motion for a mistrial was properly denied.

The evidence being sufficient to send the cases to the jury, and no error affecting substantial rights appearing, the judgments in Nos. 17557 and 17558 must also be affirmed.

Affirmed.