UNITED STATES of America,
Plaintiff,

v.

Smith F. BRANDOM, Jr., Kenneth Belling, Michael Gilboy, Donald R. Elbel, Roger Wolf, and Ronald Martin, Defendants.

No. 66–CR–2.

United States District Court
E. D. Wisconsin.

Aug. 31, 1967.

James B. Brennan, U. S. Atty., Milwaukee, Wis., for plaintiff.

Charlton, Yanisch, Ritchay, Cain & Dieterich, Milwaukee, Wis., George F. Callaghan, Chicago, Ill., Frinzi, Catania & Neubecker, Milwaukee, Wis., Stanley Slagg, Edgerton, Wis., Maurice J. Walsh, Chicago, Ill., for defendants.

### MEMORANDUM AND DECISION ON MOTIONS

MYRON L. GORDON, District Judge.

This memorandum will consider a number of motions submitted by the several defendants. Brandom, Belling and Gilboy have moved to dismiss counts 1 through 17 as well as count 18 insofar as it concerns them. Belling has moved to sever his trial from the other defendants and also to sever the trial of counts 1 through 17 from the trial of count 18 so far as it concerns him. Martin and Wolf have moved to dismiss counts 18 and 19 as to them.

There are other motions which have been made by the defendants and consented to by the government. Thus, the government has agreed that count 19 be severed from counts 1 through 18 for the purposes of trial. The government also agrees that the trial of Elbel on count 18 be severed from the trials of the other defendants. In addition, the United States has consented to sever the trial of Martin and Wolf on count 18 from the trials of the other defendants.

A 19 count indictment was filed against the defendants on January 11, 1966. The 19 counts are divisible into three major portions: (1) Brandom, Belling and Gilboy are charged with violation of 18 U.S.C. § 1341 (mail fraud); (2) all the defendants are charged with

violating 18 U.S.C. § 371 (conspiracy to commit mail fraud); and (3) Wolf and Martin are charged with violation of 18 U.S.C. § 152 (concealment of assets in bankruptcy proceedings).

The charges originate from the operation of three corporations: Merchants Management Corporation, Market Mens Management Agency, Inc., and Market Mens Mutual Insurance Company. The first 17 counts charge that Brandom, Belling and Gilboy devised a scheme to defraud certain persons who were desirous of obtaining policies of insurance in an established and financially sound mutual insurance company, to-wit: Market Mens Mutual Insurance Company. To carry out this scheme, it is alleged that the defendants Brandom, Belling and Gilboy utilized the United States mails. The grand jury charged that the aforesaid three defendants used their positions of control in the three aforesaid corporations, and through such control were able to manipulate the corporate assets and thereby knowingly misrepresent Market Mens Mutual Insurance Company to be financially sound.

Several specific acts are attributed to the defendants in carrying out that scheme. Thus, it is charged that there was manipulation in the over-valuing of certain real property by approximately $50,000. It is also charged that the company surplus was overstated by approximately $232,000; this was allegedly accomplished by understating the reserve set aside for losses in a like amount. It is also charged that the same three men falsely represented the financial position of Market Mens Mutual Insurance Company to the Insurance Department of Wisconsin. It is claimed that this was done by entering into certain reinsurance contracts for the sole purpose of inflating the surplus of Market Mens Mutual Insurance Company and then cancelling such contracts after a financial status report was made to the commissioner of the Insurance Department of Wisconsin. In addition, it is charged that Brandom, Belling and Gilboy used the United States mails in furtherance of their scheme.

Count 18 charges that all six defendants conspired to violate the mail fraud statute by devising the aforesaid scheme to defraud and also with conspiring to use the mails in furtherance of such scheme. Several overt acts are enumerated, such acts being substantially the same as those set out in count 1.

Count 19 charges Wolf and Martin with fraudulently transferring and concealing property of Market Mens Management Agency in contemplation of bankruptcy proceedings. It is claimed that Wolf and Martin were stockholders at the time that the sum of $63,600 was withdrawn from the company's account at a bank in Elmwood Park, Illinois.

A number of the motions are overlapping and will be consolidated in this discussion when appropriate.

## I

## MOTION TO DISMISS COUNTS 1 THROUGH 17

18 U.S.C. § 1341 provides in part as follows:

"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises * * * for the purpose of executing such scheme or artifice or attempting so to do, places in any post office * * * any matter or thing whatever to be sent or delivered by the Post Office Department, or takes or receives therefrom, any such matter or thing * * * shall be fined not more than $1,000 or imprisoned not more than five years, or both."

In support of their motion to dismiss the mail fraud charge, the defendants contend that the government has failed properly to allege venue, in violation of the Sixth Amendment of the Constitution, which affords an accused the right to trial in the district wherein the crime was committed. Bratton v. United States, 73 F.2d 795, 798 (10th Cir. 1934).

■ In my opinion, the defendants err in their contention that venue is not al-

leged in the first 17 counts. In count 1, paragraph 2, of the indictment, as well as in counts 2 through 17, there is language to the effect that on certain dates "the defendants * * * for the purpose of executing the aforesaid scheme and artifice to defraud and attempting to do so, did knowingly and wilfully place and cause to be placed in an authorized depository for mail matter a letter to be sent and delivered by the United States Post Office Department to * * *." Each time this or a similar allegation appears, the words "at Milwaukee in the State and Eastern District of Wisconsin" also appear. I believe that the indictment is sufficient regarding venue. United States v. Hoffa, 205 F. Supp. 710, 722 (S.D.Fla.1962).

◼ The defendants also attack the indictment on the ground that it fails to state a cause of action. There are two general criteria to be observed in determining the adequacy of an indictment. One is whether it contains the elements of the offense intended to be charged, thus apprising the defendant of what he must be prepared to meet; the second standard requires that in the event of subsequent proceedings against him, the record will show with accuracy the existence of a former acquittal or conviction. Williamson v. United States, 310 F.2d 192, 196–197 (9th Cir. 1962).

◼ With reference to a charge of mail fraud, it is essential that an indictment allege a scheme to defraud and the use of the mails in furtherance of such scheme. United States v. Shipp, 359 F. 2d 185, 188 (6th Cir.), cert. denied, 385 U.S. 903, 87 S.Ct. 213, 17 L.Ed.2d 134 (1966); Strauss v. United States, 347 F.2d 691, 692 (7th Cir. 1965); Milam v. United States, 322 F.2d 104, 108 (5th Cir. 1963).

The defendants contend that the indictment fails to allege a scheme to defraud and also that no false pretenses have been asserted by the government. It is argued that portions of the indictment which purport to describe the alleged scheme are in fact statements of acts which were beneficial to Market Mens Mutual Insurance Company and its policyholders. In addition, the defendants assert that there are no allegations to support the charge that the policyholders were fraudulently induced to purchase policies of insurance by means of misrepresentations.

◼ The law requires that allegations of a scheme to defraud be more than merely conclusory; some particulars must be set out. In United States v. Mercer, 133 F.Supp. 288, 289 (N.D.Cal. 1955), the court states:

"Cases considering indictments based upon the mail fraud statute have firmly established the rule that such an indictment is bad if it fails to charge any particulars of the scheme to defraud * * * The rule has been stated most often in cases where the indictment there considered was upheld as stating sufficient particulars of the scheme to defraud; but all recognize that some description of the fraudulent scheme is a necessity."

In Fabian v. United States, 358 F.2d 187, 193 (8th Cir.), cert. denied, 385 U.S. 821, 87 S.Ct. 46, 17 L.Ed.2d 58 (1966), the court defined a scheme as one which "involves some connotation of planning and pattern * * *." In another mail fraud case, Holmes v. United States, 134 F.2d 125, 134 (8th Cir.), cert. denied, 319 U.S. 776, 63 S.Ct. 1434, 87 L.Ed. 1722 (1943), the court stated:

"Acts innocent in themselves may yet in combination constitute a fraud or attempts to commit fraud. One attempting to commit a fraud may well seek to give the act an appearance of legality and innocence. * * * It is not essential that the matter mailed be in itself criminal or objectionable, or that it disclose a fraudulent purpose."

See also United States v. Buckner, 108 F.2d 921, 926 (2nd Cir.), cert. denied, 309 U.S. 669, 60 S.Ct. 613, 84 L.Ed. 1016 (1940).

◼ From the standards set forth in the foregoing citations, I conclude that

the alleged scheme to defraud has been set forth in the indictment of the case at bar in more than terms of conclusion. Count 1 initially charges the gist of the scheme: to obtain money through false pretenses; it then goes on to describe the nature of such false pretenses as being the misrepresentation of the company as one which was financially sound and able to afford insurance coverage when it was known that the financial condition of the company was in fact not sound. The indictment also charges that Brandom, Belling and Gilboy, having first gained control of Merchants Management Corporation, Market Mens Management Agency, and Market Mens Mutual Insurance Company, then misrepresented the financial condition of the insurance company to the Wisconsin Insurance Department. Since the commissioner of the Wisconsin Insurance Department will deny a certificate to a company that is financially unsound, the alleged misrepresentations to the Wisconsin Insurance Department may have been a significant part of the alleged scheme. The description of the alleged scheme does not stop with the general language of count 1, but rather continues in some detail in 22 subsequent paragraphs.

The defendants argue that some of the particulars alleged in the indictment (e. g. the reinsurance contracts) were in fact beneficial to the company's policyholders. This may be correct; nevertheless, in weighing the validity of the indictment, one recalls the language of the court in the Holmes Case, supra, to the effect that one attempting to commit a fraud may seek to give his acts the appearance of innocence.

■ In my opinion, the indictment in the case at bar conforms to the requirement stated in Dranow v. United States, 307 F.2d 545, 558 (8th Cir. 1962):

> "All that is required is that the indictment fairly, factually inform the defendant of the character of the scheme as to which evidence will be adduced."

It is not necessary that the government allege that someone has actually been defrauded. See United States v. White, 355 F.2d 909 (7th Cir. 1966).

Accordingly, the motions to dismiss counts 1 through 17 must be denied.

## II

### KENNETH BELLING MOTION FOR SEVERANCE

Belling has moved that his trial be severed from the trials of the other defendants. He also seeks to have separate trials held as concerns counts 1 through 17 and count 18.

■ These motions are governed by Rules 8 and 14 of the Federal Rules of Criminal Procedure. In my opinion, the indictment shows a connecting thread between defendants which would make it inappropriate to grant a separate trial to Belling. Thus, the case at bar is unlike the cases cited in the recent decision of the seventh circuit court of appeals, United States v. Gougis, Jr., 374 F.2d 758, (1967). In that case the court quoted from Ingram v. United States, 272 F.2d 567 (4th Cir. 1959), where the court said:

> "In other words, where multiple defendants are charged with offenses in no way connected, and are tried together, they are prejudiced by that very fact, and the trial judge has no discretion to deny relief."

Not only is Rule 8(b) satisfied, but no prejudice has been shown by joinder of the various defendants so that the court should grant a severance as a matter of discretion under Rule 14.

Belling also seeks separate trials as to counts 1 through 17 and count 18. Rule 8(a) provides in part as follows:

> "Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, * * are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

■ Substantive counts of mail fraud and the count of conspiracy to commit mail fraud are related to the same transactions and therefore joinder is permissible under Rule 8(a). See Matthews v. United States, 115 U.S.App.D.C. 339, 319 F.2d 740, 742, cert. denied, 375 U.S. 943, 84 S.Ct. 351, 11 L.Ed.2d 274 (1963). There has been no satisfactory showing of prejudice, and therefore Rule 14 does not bar joinder.

### III

### MOTION TO DISMISS COUNT 18

Each defendant has presented a motion to dismiss the conspiracy charge. 18 U.S.C. § 371, provides in part as follows:

"If two or more persons conspire either to commit any offense against the United States * * * and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both."

It is urged that count 18 fails to state facts sufficient to create a cause of action; it is claimed that count 18 is void insofar as it fails to allege a conspiracy. It is further contended that the only allegations of any conspiracy are stated as conclusions. In addition, it is charged that count 18 alleges two or more separate conspiracies. Finally, those defendants who are not named in count 1 urge that count 18 is void for repugnancy in that the overt acts contained in count 18 are identical in substance to the allegations contained in count 1, which does not charge these defendants with committing such acts.

■ This memorandum has previously considered the standards necessary to sustain an indictment. As applied to a conspiracy count, there are three elements which must be present in the indictment. The agreement, the unlawful object towards which the agreement is directed, and an overt act. United States v. Offutt, 75 U.S.App.D.C. 344, 127 F.2d

336, 338 (1942); United States v. Pope, 189 F.Supp. 12 (S.D.N.Y.1960).

■ Count 18 charges that the six defendants conspired to devise a scheme to defraud persons who were desirous of purchasing insurance and further, that the plan contemplated the use of the mails in connection with such scheme. Twenty-four overt acts are then asserted.

■ With regard to the unlawful object as an element of the offense, this need not be charged with the same completeness as is needed when the crime itself is charged. United States v. Offutt, supra, 127 F.2d p. 339; United States v. Main, 28 F.Supp. 550, 555 (S.D. Tex.1939).

In my opinion, count 18 satisfactorily acquaints the defendants with the unlawful object of the conspiracy, even though it does not allege with minute particularity the details of the agreement. In United States v. Frank, 290 F.2d 195, 196 (3rd Cir. 1961), the court stated:

"An express agreement is not necessary to prove conspiracy * * * '[I]t is an axiomatic principle of law that a conspiracy charge may be sustained on circumstantial evidence alone'."

Does count 18 allege two or more distinct conspiracies involving different groupings of defendants? In my opinion, the indictment alleges only one conspiracy toward a common end—that being the devising of a scheme to defraud and to use the mails in furtherance of that scheme. The court cannot now anticipate what the evidence at the trial will show. It is only necessary that the indictment allege a general conspiracy, not that it prove it.

The defendants argue that the overt acts charged in the conspiracy count are identical in substance to those contained in the first count of the indictment. This contention suggests that the government has charged a substantive offense in the conspiracy count and thus has joined two separate offenses therein. The elements required to charge the substantive offense of mail fraud have

been discussed above. The allegations of count 18 would not be sufficient to sustain an indictment for the substantive offense; the allegation in count 18 of use of the mails in furtherance of the scheme to defraud is only conclusory. Since the elements of the substantive offense need not be charged with the same completeness in a conspiracy count as they must be when charging the crime itself, there is no defect in count 18. It follows, therefore, that count 18 is not double in regard to charging both a conspiracy as well as the substantive offense as alleged in the first count.

■ The defendants also urge that count 18 is void for repugnancy. Repugnancy consists of two inconsistent allegations which destroy the effect of each other. The objection on the ground of repugnancy is based on the fact that the indictment charges all six defendants with conspiracy, but only charges three of the defendants with the actual violation. In my opinion, there was nothing inconsistent in failing to join Elbel, Wolf and Martin along with Brandom, Belling and Gilboy in count 1. As previously noted, a conspiracy to commit an offense is a separate and distinct offense from the crime which may be the object of that conspiracy. Pereira v. United States, 347 U.S. 1, 11, 74 S.Ct. 358, 98 L.Ed. 435 (1954).

The defendants also urge that the indictment is double in that the government has alleged two separate conspiracies, those being one to devise a scheme to defraud and one to obtain money through false pretenses. In my opinion, a fair reading of the indictment demonstrates that the government has charged a single conspiracy to violate the mail fraud statute.

## IV

### MOTION TO DISMISS COUNT 19

18 U.S.C. § 152 provides in part as follows:

"Whoever, either individually or as an agent or officer of any person or corporation, in contemplation of a bankruptcy proceeding by or against him or any other person or corporation, or with intent to defeat the bankruptcy law, knowingly and fraudulently transfers or conceals any of his property or the property of such other person or corporation."

Under count 19, Martin and Wolf are charged with having fraudulently transferred and concealed property of Market Mens Management Agency, Inc. a month before an involuntary petition in bankruptcy was filed.

The defendants contend that the indictment is defective because it fails to describe the property allegedly concealed with sufficient particularity to enable them to prepare their defense. They also urge that it is defective in that the indictment does not indicate the manner in which the alleged concealment of property was accomplished.

■ The indictment charges that $63,600 was transferred from the organization's checking account at a certain bank. The date the asset was taken is set forth as are the amount of the asset and the account from which it was taken. This is a sufficient description of the property and adequately apprises the defendants so that they can prepare their defense. Cf. Beitel v. United States, 306 F.2d 665, 667 (5th Cir. 1962).

■ In charging a concealment, there is some authority for the argument that the indictment must assert the manner in which the concealment was accomplished. United States v. Mathies, Jr., 203 F.Supp. 797 (W.D.Pa.1962). However, numerous other cases indicate that it is not necessary to aver how the concealment was accomplished. See Burchinal v. United States, 342 F.2d 982 (10th Cir.), cert. denied, 382 U.S. 843, 86 S.Ct. 46, 15 L.Ed.2d 84 (1965).

In United States v. Vanderberg, 358 F.2d 6, 10 (7th Cir. 1966), the seventh circuit court of appeals has also suggested that the matter of concealment

need not be described in the indictment. In the *Vanderberg Case*, the issue was not expressly raised before the trial; however, seeking reversal on appeal, the circuit court said:

"An indictment for a violation of 18 U.S.C.A. § 152 need not allege evidentiary facts showing the manner of concealment."

The defendants are charged with transferring $63,600 from a checking account and concealing it. Reasonably construed, the indictment implies that money was drawn from the account as a means of concealment. In my opinion, the government is not required to allege more specifically where or how the money was concealed.

## V

### CONCLUSION

All of the motions of the several defendants are denied. The United States Attorney may present an appropriate order for signature.