**UNITED STATES of America,
Plaintiff,**

v.

**Norman TYLER et al., Defendants.**

**No. 71–CR–35.**

United States District Court,
E. D. Wisconsin.

April 15, 1971.

David J. Cannon, U. S. Atty., by Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Robert Lerner, Milwaukee, Wis., for Norman Tyler.

Richard B. Surges, Milwaukee, Wis., for Barwick & Kent.

### ORDER

MYRON L. GORDON, District Judge.

The defendants in this action have been charged in a one-count indictment with the interstate transfer of firearms in violation of 18 U.S.C. §§ 922(a) (5) and 924(a). Mr. Tyler, one of the defendants, has filed three pretrial motions.

In its brief in opposition to Mr. Tyler's motions, the government states that it has furnished Mr. Tyler's attorney with its "complete investigative report in this action." The government further states that it will furnish any subsequent reports, including any exculpatory evidence received by it. Thus, Mr. Tyler's motions for discovery and inspection, and for the production of exculpatory evidence, would appear to be moot.

Mr. Tyler's third motion is made pursuant to Rule 14, Federal Rules of Criminal Procedure, and seeks an order granting a severance from the other defendants. He asserts that he will be prejudiced (1) if his defenses are inconsistent with those of the other defendants; (2) if the other defendants testify in a joint trial, because it is "highly unlikely that Tyler will testify in his own behalf"; and (3) because "the Defendant Tyler is desirous of waiving his right to a jury trial in this action and

wishes a speedy trial"—and "it is probable that the codefendants take an opposite position."

There is no contention that the defendants have been improperly joined under Rule 8(b). Motions for separate trials "are committed to the sound discretion of the trial court." United States v. Lyon, 397 F.2d 505, 509 (7th Cir.1968), cert. denied sub nom. Lysczyk v. United States, 393 U.S. 846, 89 S.Ct. 131, 21 L.Ed.2d 117 (1968); see also United States v. Hutul, 416 F.2d 607, 621 (7th Cir.1969), cert. denied 396 U.S. 1012, 90 S.Ct. 573, 24 L.Ed.2d 504, (1970), rehearing denied 397 U.S. 1081, 90 S.Ct. 1519, 25 L.Ed.2d 820 (1970); United States v. Kahn, 381 F.2d 824, 838 (7th Cir.1967), cert. denied 389 U.S. 1015, 88 S.Ct. 591, 19 L.Ed.2d 661 (1967), rehearing denied 392 U.S. 948, 88 S.Ct. 2272, 20 L.Ed.2d 1413 (1968).

Furthermore, "[joint] trials of those properly indicted together are favored since '[they] conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial.' Bruton v. United States, 391 U.S. 123, 134, 88 S.Ct. 1620, 1627, 20 L.Ed.2d 476 (1968)." United States v. Wolfson, 294 F.Supp. 267, 275 (D.C. Del.1968). Finally, the burden is on the party seeking severance to show that "he would be so prejudiced by a joint trial that he would in effect be denied a constitutionally fair trial in a joint proceeding." United States v. King, 49 F. R.D. 51, 53 (S.D.N.Y.1970). See also United States v. Mazzella, 295 F.Supp. 1033, 1036 (S.D.N.Y.1969); United States v. Brandom, 273 F.Supp. 253, 257 (E.D.Wis.1967).

In my opinion, Mr. Tyler's motion for severance should not be granted. He has not shown that substantial prejudice would result from a joint trial. His speculation that the other defendants will present inconsistent defenses does not, of itself, provide a basis for severance at this time. In United States v.

Van Allen, 28 F.R.D. 329, 339 (S.D.N.Y.1961), the court stated:

"Defendants also argue that the defenses will be antagonistic. This is not sufficient reason to. grant separate trials especially where the charges against all the defendants result from the same series of acts and may be proved by similar evidence. United States v. Lebron, 2 Cir., 1955, 222 F. 2d 531, certiorari denied, 1955, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774."

See also United States v. Hutul, supra, 416 F.2d at 620.

The second contention—that Mr. Tyler may be prejudiced in a joint trial if the other defendants testify—is like the one discussed in United States v. Withers, 303 F.Supp. 641 (N.D.Ill.1969), where the court said at page 645:

"A defendant in a criminal case has the absolute right to testify or not. Defendant's argument [that his co-defendants may testify on their own behalf, forcing him to testify so as to avoid adverse inferences by the jury in violation of his privilege against self-incrimination], if sustained, would eliminate joinder of any criminal defendants and would render the Federal Rules of Criminal Procedure a nullity."

Finally, Mr. Tyler's wish for a speedy trial and the possibility that he may decide to waive a jury trial do not provide a sufficient basis for severance. "[The] Constitution neither confers nor recognizes a right of criminal defendants to have their cases tried before a judge alone." Singer v. United States, 380 U. S. 24, 26, 85 S.Ct. 783, 785, 13 L.Ed.2d 630 (1965); see also United States v. Igoe, 331 F.2d 766, 768 (7th Cir.1964), cert. denied 380 U.S. 942, 85 S.Ct. 1020, 13 L.Ed.2d 961 (1965), rehearing denied 380 U.S. 989, 85 S.Ct. 1325, 14 L.Ed.2d 282 (1965). Rule 23(a) provides that a defendant's waiver of a trial by jury must receive the consent of the government and the approval of the court. There has been no showing of the manner in which Mr. Tyler would be preju-

diced by having his case tried before a jury, and, indeed, there is only his speculation that the other defendants will take a position contrary to his own.

Therefore, it is ordered that Mr. Tyler's three motions be and hereby are denied.