**UNITED STATES of America, Plaintiff,**

**v.**

**Alfred DeCESARO et al., Defendants.**

**No. 71–CR–169.**

United States District Court, E. D. Wisconsin.

Jan. 20, 1972.

David J. Cannon, U. S. Atty., Milwaukee, Wis., for the United States.

Eugene Brookhouse, Kenosha, Wis., for Germinaro, Gregorski and Salerno.

Franklyn M. Gimbel, Milwaukee, Wis., for DeCesaro and Thomas.

Jay Schwartz, Racine, Wis., for Gerolmo and Manna.

Samson, Friebert, Sutton & Finerty, Milwaukee, Wis., for Puntillo.

Dominic H. Frinzi, Milwaukee, Wis., for Matera and Woodbury.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants in this action have filed numerous pretrial motions in connection with the one-count indictment against them. The indictment charges that the defendants did "knowingly, wilfully, and unlawfully conduct, finance, manage, supervise, direct and own all and part of an illegal gambling business, such business having a gross revenue of $2,000 or more on one or more single days, involving five persons or more in its conduct, financing, management, supervision, direction, and ownership" in violation of certain state laws of Wisconsin.

There is considerable overlapping in the various motions of the several defendants. This memorandum will attempt to resolve the various motions without identifying the moving parties.

## MOTIONS TO DISMISS

The defendants contend that the indictment is vague and legally insufficient. It is also urged that 18 U.S.C. § 1955 is unconstitutional and that there is no basis in fact for the indictment. After the briefs were submitted by the various movants, the defendant Puntillo filed a motion for dismissal which also charges that § 1955 is unconstitutional; the instant decision will pass on such motion.

Under Rule 7(c), Federal Rules of Criminal Procedure, the indictment must be a plain, concise, and definite written statement of the essential facts constituting the offense and need not contain any other matter not necessary to such statement. The test of the sufficiency of an indictment is not whether it could have been more complete and definite, but whether it informs the accused with sufficient specificity to enable him to prepare his defense and to avoid the danger of being prosecuted again for the same offense. United States v. DeBrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953); Rood v. United States, 340 F.2d 506, 510 (8th Cir. 1964), cert. denied 381 U.S. 906, 85 S.Ct. 1452, 14 L.Ed.2d 287 (1965).

In this case, the indictment is cast in the language of the statute and alleges that the defendants did certain acts with respect to an illegal gambling business during a specific 22 day period. In my opinion, these charges are sufficiently explicit to inform the defendants of what they must prepare to meet and to avoid the danger of a second prosecution for the same conduct. United States v. Ansani, 240 F.2d 216, 223 (7th Cir. 1957), cert. denied sub nom. Milner v. United States, 353 U.S. 936, 77 S.Ct. 813, 1 L.Ed.2d 759 (1957).

I find no basis for concluding that § 1955 is unconstitutional or that

the indictment is devoid of a basis in fact.

## MOTIONS FOR A BILL OF PARTICULARS

██ The information sought by the defendants would appear to be evidentiary in nature. It is not the function of a bill of particulars to provide detailed disclosure of the government's evidence in advance of trial. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); United States v. Machi, 324 F.Supp. 153 (E.D.Wis.1971).

## MOTIONS TO INSPECT THE GRAND JURY MINUTES

There are motions to permit defense counsel to inspect the grand jury minutes. The defendants argue that they have met their burden of showing a particularized need by alleging that no evidence was presented to the grand jury which was sufficient to indict the defendants other than evidence illegally obtained.

 An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for a trial on the merits. Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956). I conclude there has been no showing of a particularized need sufficient to warrant inspection of the grand jury minutes. Accordingly, this court will follow the procedure set forth in United States v. Cullen, 305 F.Supp. 695, 700 (E.D.Wis.1969), which requires the government to make such minutes available 24 hours before trial as to those defendants whom the government intends to call as witnesses. Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966); United States v. Lewis, 406 F.2d 486, 492 (7th Cir. 1969); United States v. Napue, 401 F. 2d 107, 112 (7th Cir. 1968).

## MOTIONS FOR SEVERANCE

Rule 8(b), Federal Rules of Criminal Procedure, permits the joinder of multiple defendants if they have participated in the same transactions or series of transactions in which the other defendants participated. However, under Rule 14, Federal Rules of Criminal Procedure, a defendant may obtain a separate trial if he can furnish the court reason to believe that he may be prejudiced by a joint trial. Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954). See also United States v. Mazzella, 295 F.Supp. 1033, 1036 (S.D.N.Y. 1969); United States v. Brandom, 273 F.Supp. 253, 257 (E.D.Wis.1967).

The government argues that conspiracy is an integral part of the indictment. The government has not, however, contradicted the allegations that some of the defendants have previously been convicted of "participating in gambling enterprises" and that some of them were observed by law enforcement officials while allegedly engaged in gambling activities. Because of the foregoing, and also because of the large number (eleven) of defendants, I am concerned whether the jury will be able to afford each defendant an independent determination of his guilt or innocence. United States v. Bornstein, 447 F.2d 742, 746 (7th Cir. 1971); United States v. Kahn, 381 F.2d 824, 838 (7th Cir. 1967), cert. denied 389 U.S. 1015, 88 S. Ct. 591, 19 L.Ed.2d 661 (1967), rehearing denied 392 U.S. 948, 88 S.Ct. 2272, 20 L.Ed.2d 1413 (1968); Gorin v. United States, 313 F.2d 641, 646 (1st Cir. 1963). Cf. United States v. Kelly, 349 F.2d 720, 766 (2d Cir. 1965), cert. denied 384 U.S. 947, 86 S.Ct. 1467, 16 L. Ed.2d 544 (1966).

██ I conclude that the better exercise of discretion requires separate trials for all defendants. It is not reasonably clear to me that the defendants' acts reflect a common purpose or a unitary conspiracy. See United States v.

Nasse, 432 F.2d 1293 (7th Cir. 1970), cert. denied 401 U.S. 938, 91 S.Ct. 928, 28 L.Ed.2d 217 (1971). Cf. United States v. Lyon, 397 F.2d 505, 509 (7th Cir. 1968), cert. denied sub nom. Lysczyk v. United States, 393 U.S. 846, 89 S.Ct. 131, 21 L.Ed.2d 117 (1968); United States v. Hutul, 416 F.2d 607, 621 (7th Cir. 1969), cert. denied 396 U.S. 1012, 90 S.Ct. 573, 24 L.Ed.2d 504 (1970), rehearing denied 397 U.S. 1081, 90 S.Ct. 1519, 25 L.Ed.2d 820 (1970); United States v. Tyler, 332 F.Supp. 856 (E.D.Wis.1971).

## OTHER DISCOVERY MOTIONS

The defendants have moved for an order pursuant to Rule 16, Federal Rules of Criminal Procedure, which would permit them to inspect, copy or photograph "all written or recorded statements or confessions made by the defendants" and "all results or reports of physical or mental examinations and of scientific tests or experiments" within the possession or control of the government.

The defendants have also moved to require the government to furnish them with a copy of all transcripts, logs, memorandum typed transcripts, or recordings of any wiretaps upon the telephones leased by the defendants. Further the defendants have moved pursuant to the rule of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), for the disclosure of exculpatory evidence which is in the possession or control of the government. In view of the government's representations that it will voluntarily furnish such materials or discovery, I conclude that these motions need not be granted.

Finally, the defendants have moved for an enlargement of time in which to plead after they have been permitted an opportunity to inspect the materials sought by their discovery motions. This motion appears to be moot for the government has voluntarily permitted such inspection since December 3, 1971. Ac-cordingly, this motion will not be granted.

Therefore it is ordered that the defendants' motions for severance be and hereby are granted. It is also ordered that all other motions of the defendants be and hereby are denied.