UNITED STATES of America,
Plaintiff,

v.

Estelle SLEDGE et al., Defendants.

No. 71–CR–232.

United States District Court,
E. D. Wisconsin.

April 19, 1972.

David J. Cannon, U. S. Atty., for plaintiff.

Heiner Giese, Milwaukee, Wis., for Sledge.

Jeffrey S. Schuster, Milwaukee, Wis., for Custer.

Stephen M. Glynn, Milwaukee, Wis., for Ware.

## DECISION AND ORDER

MYRON, L. GORDON, District Judge.

The defendants in this action are charged in a one count indictment with knowingly and intentionally possessing, with intent to distribute, a certain quantity of heroin in violation of 21 U.S.C. § 841(a) (1) and 18 U.S.C. § 2. The defendants Sledge and Ware have moved for the dismissal of the indictment against them. The defendant Sledge has also moved for the discovery of statements and the results of scientific tests and, further, for a separate trial.

There is also a pending motion for the suppression of certain evidence, but such motion requires an evidentiary hearing and will be resolved subsequent to that hearing. The instant decision does not purport to dispose of the suppression motion which has been filed.

 In urging dismissal of the dismissal of the indictment against her, the defendant Sledge contends that there was a lack of probable cause for her warrantless arrest. Whatever merit there may be to such position, it presents no basis for the dismissal of the indictment. The function of the indictment is to apprise the defendant of what she must prepare to meet. Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). Her motion to dismiss the indictment may properly test the legal sufficiency of its allegations, but it may not succeed when based on her forecasts of the ultimate trial evidence. United States v. Black, 291 F.Supp. 262 (S.D.N.Y.1968).

 The defendant Ware's motion to dismiss is predicated upon the contentions that 21 U.S.C. § 841(a) (1) is an unconstitutional usurpation of the powers granted to the states by the tenth amendment, and that heroin is not a "drug" proscribed by § 841(a) (1). These contentions are without merit. Congress may enact penal laws pursuant to its authority to regulate commerce among the several states. Hoke v. United States, 227 U.S. 308, 33 S.Ct. 281, 57 L.Ed. 523 (1913). Congress has declared that the "illegal importation, manufacture, distribution, and possession and improper use of controlled substances have a substantial and detrimental effect on the health and the general welfare of the American people" and that a "major portion of the traffic in controlled substances flows through interstate and foreign commerce." 21 U.S.C. § 801. Accordingly, I cannot agree that traffic in controlled substances is beyond the power of Congress to regulate.

 21 U.S.C. § 802(16) (A) defines the term "narcotic drug" as including the products of opium, coca leaves, and opiates. In addition, 21 U.S.C. § 812(c) (b) (10) specifically lists heroin as a schedule I controlled drug. Consequently, I believe that heroin is within the purview of 21 U.S.C. § 841(a) (1).

 The defendant Sledge's motion for a separate trial should be denied. Rule 8(b), Federal Rules of Criminal Procedure, provides for the joinder of multiple defendants if they are alleged to have participated in the same transaction or series of transactions in which the other defendants are alleged to have participated. The defendant is entitled to obtain a separate trial if she can show that she would be so prejudiced by a joint trial that, in effect, she would be denied a constitutionally fair trial. United States v. Blue, 440 F.2d 300, 302 (7th Cir. 1971). See also United States v. Bornstein, 447 F.2d 742, 746 (7th Cir. 1971); United States v. Cervantes, 466 F.2d 736 (7th Cir., decided March 6, 1972); United States v. Brandom, 273 F.Supp. 253, 257 (E.D.Wis.1967). In my opinion, the allegation that the defendant may wish to call one or both of her co-defendants as witnesses is not sufficient justification for a separate trial.

 The defendant Sledge's motion for the production of statements and for

the results of scientific tests should be granted pursuant to Rule 16(a), Federal Rules of Criminal Procedure; there has been no objection to the production of these materials by the government.

Therefore, it is ordered that the defendant Sledge's motion to produce statements and the results of scientific tests be and hereby is granted.

It is also ordered that all other motions be and hereby are denied.