UNITED STATES of America,
Plaintiff,

v.

Frank BALISTRIERI et al., Defendants.

No. 71–CR–201.

United States District Court,
E. D. Wisconsin.

June 8, 1972.

See also, D.C., 346 F.Supp. 341.

David J. Cannon, U. S. Atty., Milwaukee, Wis., for plaintiff.

Williams, Connolly & Califano, Washington D. C. (Roland J. Steinle, Jr., Milwaukee, Wis., of counsel), for F. Balistrieri and J. Alioto.

Joel Murray, Chicago, Ill., for Angelo DiGiorgio.

Ray T. McCann, Milwaukee, Wis., for Jos. Balistrieri.

Kluwin, Dunphy, Hankin & Hayes, by Gerald T. Hayes, Milwaukee, Wis., for Gaudesi and Bartfield.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The six defendants in this action are charged in the first count of a ten count indictment with a conspiracy (1) to conceal the "true ownership" of a retail liquor business, the King's IV, located in Milwaukee, Wisconsin; (2) to file and cause to be filed certain special tax returns which were "not true and correct as to every material matter"; and (3) to file and cause to be filed certain individual income tax returns which were "not true and correct as to every material matter." Each of the next six counts of the indictment charges an individual defendant (either Mr. DiGiorgio or Mr. Gaudesi) with subscribing to an untrue special tax return or income tax return. The final three counts charge Frank Balistrieri with engaging in a retail liquor business without registering.

The defendants have filed numerous motions in connection with the indict-

ment against them. Many of these motions are overlapping and, therefore, this memorandum will resolve such overlapping motions without identifying the moving party. Several defendants have expressly moved to adopt the motions filed by their codefendants.

This decision will decide all of the pending motions except those which seek dismissal of the indictment; the latter motions will be reviewed in a separate memorandum.

## · BILLS OF PARTICULARS

■ The information sought in the defendants' motions for bills of particulars is evidentiary in nature and that is not the proper function of a bill of particulars. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); United States v. DeCesaro, 54 F.R.D. 596 (E.D.Wis., decided Jan. 20, 1972); United States v. Machi, 324 F. Supp. 153 (E.D.Wis.1971).

■ A bill of particulars may be used to provide a defendant with details of the alleged offense which are omitted from the indictment. See 8 Moore's Federal Practice ¶ 7.06[1] (1972). However, I believe that the indictment itself, plus the information received as a result of my ruling on the motions for discovery and inspection, will afford the defendants adequate data concerning the alleged offenses.

## DISCOVERY AND INSPECTION

The defendants seek to inspect and copy certain materials and documents. The government has indicated that it will voluntarily furnish some of the requested materials and documents to the defendants but not others. It therefore appears that some of the defendants' demands are moot; the unresolved demands will be considered in this decision.

■ With reference to any statements of alleged co-conspirators or other witnesses whom the government expects to call to testify at the trial, the procedure to be applied is set forth in United States v. Cullen, 305 F.Supp. 695, 700 (E.D.Wis.1969). It will also apply as to the summaries or reports made of any oral statements given by any alleged co-conspirator whom the government intends to call at the trial, and to the criminal records of any proposed government witnesses. Accordingly, the government will be directed to produce these statements or reports for the defendants' inspection and copying 24 hours before the start of the trial.

The government will also be required to make available for immediate inspection and copying the other books, records, and documents which it intends to use as evidence at the trial. All such documents are currently needed by the defendants in the preparation of their defenses. United States v. Tanner, 279 F.Supp. 457, 468 (N.D.Ill.1967); 8 Moore's Federal Practice ¶ 16.05[4] (1972). See also United States v. Ball, 49 F.R.D. 153 (E.D.Wis.1969).

■ The government must further divulge the existence of any informer relationship between any prospective witness and the government and must disclose any promises or benefits made or implied by the government to any prospective witness. In Roviaro v. United States, 353 U.S. 53, at page 60, 77 S. Ct. 623, at page 628, 1 L.Ed.2d 639 (1957), the Court stated:

> "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action."

Cf. Smith v. Illinois, 390 U.S. 129, 88 S. Ct. 748, 19 L.Ed.2d 956 (1969).

In response to the defendant's motions for the production of exculpatory mate-

rial pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the government asserts that it has no such materials but will fulfill its obligation "if any favorable evidence comes into its possession in the future." In view of the government's representation, this motion of the defendants need not be granted.

■ The defendants seek the production of the grand jury vote, but there has not been a showing of any irregularity in the adoption or return of the indictment. The signature of the foreman on the face of the indictment is prima facia evidence that the proper number of grand jurors concurred in the finding of a true bill. An indictment returned by a legally constituted grand jury, like an information drawn by the prosecutor, if valid on its face, may not be undermined without more basis than the defendants have submitted in this case. Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956). The defendants' showing on this matter is not sufficient to warrant either the granting of their motions or the court's requiring an affidavit from the United States on the subject.

## SEVERANCE

The defendants Joseph P. Balistrieri and Angelo DiGiorgio have moved, pursuant to Rule 14, Federal Rules of Criminal Procedure, for a separate trial in connection with the charges against them. The motion to sever should be granted as to Mr. Joseph P. Balistrieri and denied as to Mr. DiGiorgio.

■ The defendant Joseph P. Balistrieri is named only in the conspiracy count of the indictment with aiding the concealment of the "interest of Frank Balistrieri by falsely representing that Angelo DiGiorgio was the tenant of the premises known as 720 North Water Street, Milwaukee, Wisconsin." The alleged overt act made in furtherance of this conspiracy is that he "stated in a deposition that defendant Angelo DiGiorgio was the tenant of the premises known as 720 North Water Street, Milwaukee, Wisconsin."

Rule 8, Federal Rules of Criminal Procedure, permits the government to charge multiple defendants in one indictment when the defendants are alleged to have participated in the same transaction or series of transactions. See United States v. Nasse, 432 F.2d 1293 (7th Cir. 1970), cert. denied 401 U.S. 938, 91 S.Ct. 928, 28 L.Ed.2d 217 (1971).

■ Because of the limited participation charged against Joseph P. Balistrieri in the indictment, I believe that he is justly concerned about the ability of the trier of fact to afford him an independent determination of his guilt or innocence. Motions to sever are committed to the sound discretion of the court and in my judgment, the better exercise of that discretion requires a separate trial for Mr. Joseph P. Balistrieri. Opper v. United States, 348 U.S. 84, 94, 75 S.Ct. 158, 99 L.Ed. 101 (1966); United States v. Bornstein, 447 F.2d 742 (7th Cir. 1971); United States v. Kahn, 381 F.2d 824, 838 (7th Cir. 1967); United States v. DeCesaro, 54 F.R.D. 596 (E.D.Wis. 1972).

The defendant DiGiorgio is named in the conspiracy count of the indictment as well as in counts II, III, IV, and V which allege the filing of false income tax or special tax returns. In support of his motion for a separate trial, Mr. DiGiorgio alleges that he will be prejudiced by newspaper publicity surrounding co-defendant Frank Balistrieri. He also points to the possibility that co-defendants may claim their fifth amendment privilege against self-incrimination if called by him to give testimony exculpating him; their refusal to testify, he argues, might be commented upon by counsel with the jury's attention directed to possible inferences to be drawn from their silence.

■ In my opinion, Mr. DiGiorgio's motion for severance is premature. The

possibility of tainture of jurors by media publicity surrounding a co-defendant can be adequately explored at trial during the voir dire of prospective jurors. During the trial, measures can be taken to insure that the jurors remain free from taint. The possibility that co-defendants may claim their privilege against self-incrimination if called to testify by defendant DiGiorgio, or that counsel may have a duty to comment about their silence to the jury, is too speculative to warrant a separate trial for Mr. DiGiorgio. United States v. Sledge, 346 F.Supp. 485 (E.D.Wis. decided April 19, 1972). Even if severance were granted, a co-defendant might still refuse to waive his fifth amendment protections.

## GRAND JURY MINUTES

■ The defendants ask that the government be compelled to produce the minutes of the grand jury together with materials authorized for discovery by the Jenck's Act, 18 U.S.C. § 3500, ten days before the scheduled start of trial. The government has indicated that it is willing to produce the statements, reports, and grand jury testimony of any and all witnesses they intend to call at the trial 24 hours prior to the start of the trial.

The defendants have neither alleged nor demonstrated a particularized need for these materials so far in advance of the trial. In the absence of such a showing, this court will follow the technique employed in United States v. Cullen, 305 F.Supp. 695, 700 (E.D.Wis. 1969). Since the government has agreed to produce these materials for the defendants' inspection and copying 24 hours before the start of trial, this motion need not be granted.

## ELECTRONIC SURVEILLANCE

The defendants have moved the court for an order requiring the government to make inquiries of various law enforcement agencies and state whether there has been any electronic or mechanical surveillance which has contributed to the return of the instant indictment or to the subsequent development of this action. The government has now filed its supplemental answer to the defendants' motion and has set forth the fact of electronic surveillance. Accordingly, it appears that the defendants' motion concerning electronic or mechanical surveillance is now moot and need not be granted.

## SUBSEQUENT MOTIONS

■ Several of the defendants have moved for formal authorization to file subsequent motions which, it is urged, could not be made until the present motions are resolved. The granting of this request would open the door to a prolonged motion practice and might unduly delay the disposition of this case. The motions will not be granted. If subsequent motions are in fact filed, the court will determine whether they merit comprehensive consideration, summary disposition, or complete rejection.

## INQUIRY INTO GRAND JURY PROCEEDINGS

■ The movants want to determine whether the conspiracy count of the indictment is the product of substantive evidence presented to the grand jury. It is suggested that the indictment may have stemmed from the fact that five of the defendants claimed their fifth amendment privileges before the grand jury and that the attorney for the government may have commented that the defendants' silence was tantamount to an admission of guilt. In support of their motion, the defendants claim that five of the defendants were called before the grand jury for the sole purpose of causing them to invoke the privilege against self-incrimination so that such collective silence might be construed as evidence of conspiracy.

This issue is generally comparable to a challenge to an indictment which is bottomed on the assertion that improper persons were present with the grand jury during the time of its deliberations. When such a challenge was made, this court directed the government to submit an affidavit to the court concerning the matter. United States v. Moriarty, 327 F.Supp. 1045, 1050 (E.D.Wis.1971). Similarly, in the instant case, the government will be required to submit an affidavit stating whether the attorney for the government made any comment to the members of the grand jury concerning any inference which could be drawn from the claiming of the fifth amendment privileges by the persons under investigation by the grand jury. If such response warrants it, defendants may resubmit their motion which at this time will be denied without prejudice.

Therefore, it is ordered that the motions for discovery, inspection, and copying of (1) the statements of alleged co-conspirators and of the government's prospective witnesses, (2) the criminal record, if any, of the government's prospective witnesses, and (3) the books, records, and any other documents intended to be used by the prosecution at the trial, be and hereby are granted.

It is also ordered that the government disclose to the defendants the existence of any informer relationship on the part of any prospective witness and whether any promise or benefits have been made or implied by the government to any prospective witness.

It is further ordered that the defendant Joseph P. Balistrieri's motion for severance be and hereby is granted.

It is further ordered that the government submit an affidavit regarding the nature of its comments, if any, to the grand jury concerning inferences to be drawn from a witness' use of his fifth amendment privileges.

It is further ordered that the defendants' motions to adopt the motions of their co-defendants be and hereby are granted.

It is further ordered that all other motions of the defendants, except their motions to dismiss, be and hereby are denied.