UNITED STATES of America,
Plaintiff,

v.

Joseph QUINN et al., Defendants.

No. 70-CR-78.

United States District Court,
E. D. Wisconsin.

Oct. 11, 1972.

David J. Cannon, U. S. Atty., by Steven Underwood, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Darryl K. Nevers, Milwaukee, Wis., for Gettis.

William J. Mulligan, Milwaukee, Wis., for Gebbia.

Franklyn M. Gimbel, Milwaukee, Wis., for Quinn.

## DECISION

MYRON L. GORDON, District Judge.

The 15 count indictment in the above-entitled action charges four defendants with using the United States mail for fraudulent purposes in violation of 18 U.S.C. § 1341. The defendant Gardner has previously been severed from the other defendants.

The remaining defendants have filed numerous pretrial motions in connection with the indictment against them. Many of these motions are overlapping and, therefore, this memorandum will resolve such overlapping motions without always identifying the moving party.

The motion to dismiss the indictment is bottomed on the premise that the indictment is fatally defective for the failure to identify which of the named defendants physically placed or caused to be placed certain letters in the mail or was responsible for their receipt therefrom. This contention is without merit. The test of an indictment is not whether it could have been made more definite or certain. Instead, the court must decide whether it contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet. Also, it must be clear that the accused can plead former jeopardy in case any other proceedings are taken against him for a similar offense. Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); Pereira v. United States, 347 U.S. 1, 8, 74 S.Ct. 358, 99 L.Ed. 435 (1954); United States v. Brandom, 273 F.Supp. 253, 256 (E.D. Wis.1967).

The instant indictment is cast largely in the language of the statute and repeats the essential elements of the offense. In my opinion, the defendants are sufficiently apprised by the indict-

ment of what they must prepare to meet; it also charges the offense with adequate precision so that the defendants will be protected as to former jeopardy.

■ The defendants seek production of the grand jury minutes; the government has responded that it will voluntarily follow the procedure set forth in United States v. Cullen, 305 F.Supp. 695 (E.D.Wis.1969). In an order dated March 4, 1971, Judge Reynolds ordered the production of grand jury transcripts before trial. In view of these circumstances, the present motions for production need not be granted.

■ Each of the defendants seeks a separate trial. In support of their motions, the defendants claim (1) antagonistic defenses; (2) the possibility that co-defendants may claim their fifth amendment privilege against self-incrimination if called to give testimony, thereby requiring counsel to direct the attention of the jury to possible inferences to be drawn from their silence; and (3) that the counts of the indictment are too numerous to afford each defendant an independent determination of his guilt or innocence.

■ Motions for a separate trial are committed to the discretion of the trial court. Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954). Rule 8(b), Federal Rules of Criminal Procedure, provides for the joinder of multiple defendants if they are alleged to have participated in the same transaction or series of actions in which the other defendants are alleged to have participated.

■■ Joint trials of those properly indicted together are favored since they conserve funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing the accused to trial. Bruton v. United States, 391 U.S. 123, 134, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Finally, the burden is on the party seeking severance to show that he would be so prejudiced by a joint trial that, in effect, he would be denied a con-

stitutionally fair trial. United States v. Bornstein, 447 F.2d 742, 746 (7th Cir. 1971); United States v. Blue, 440 F.2d 300, 302 (7th Cir. 1971).

I have considered the defendants' motions for severance and conclude that none of the motions should be granted. United States v. Balistrieri, 346 F.Supp. 336 (E.D.Wis.1972); United States v. Tyler, 332 F.Supp. 856 (E.D.Wis.1971); United States v. Withers, 303 F.Supp. 641 (N.D.Ill.1969).

■ The defendants have moved for the discovery of statements and other materials; the government has responded that it will make its complete investigative file available for the defendants' inspection. In view of this representation, the motions for discovery need not be granted.

■ The government's offer to permit discovery of its entire investigative file also negates the necessity of granting the defendants' motions for bills of particulars. The information sought in the defendants' motions is evidentiary in nature, and that is not the proper function of a bill of particulars. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); United States v. Balistrieri, supra.

■ The defendants seek an order compelling the government to produce exculpatory evidence pursuant to the rule of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The government has asserted it will voluntarily comply with the request. Accordingly, it appears that the motion is moot and need not be granted.

The defendant Gebbia has moved to strike as surplusage (1) the symbol "a/k/a John Scott"; (2) the words "corporations, businesses, and firms"; (3) the words "not limited to"; (4) the words "It was part of the scheme and artifice to defraud for the defendants to file articles of incorporation using the name FAS Systems, Inc. and rent office space at 6774 East Northwest Highway, Chicago, Illinois"; and (5) the words "It was a further part of the

scheme and artifice to defraud for the defendants to use funds obtained in the CAP Auto Plan, Inc. operation to advertise and promote a Copy and Printing Center operation and to charge merchandise and services for the Copy and Printing Center operation to CAP Auto Plan, Inc." The government does not oppose the striking of items (2) and (3).

 The motion to strike items (1), (4) and (5) will not be granted. If the evidence should show that these items are integral parts of the fraudulent scheme, then the defendant is without a basis for the complaint. United States v. Solowitz, 99 F.2d 714 (7th Cir. 1938); United States v. Brandom, supra; United States v. Melekh, 193 F.Supp. 586 (N.D.Ill.1961).

Finally, there is a motion that the court order one or more pretrial conferences in this action to consider such matters as will promote a fair and expeditious trial and also a motion to dismiss for want of a speedy trial. The latter motion was just filed and has not been briefed. These motions will be denied.