**UNITED STATES of America,
Plaintiff,**

v.

**Frank BALISTRIERI et al., Defendants.
No. 71–CR–201.**

United States District Court,
E. D. Wisconsin.
June 16, 1972.

David J. Cannon, U. S. Atty., Milwaukee, Wis., for plaintiff.

Williams, Connolly & Califano, Washington, D. C. (Roland J. Steinle, Jr., Milwaukee, Wis., of counsel), for F. Balistrieri and J. Alioto.

Joel Murray, Chicago, Ill., for Angelo DiGiorgio.

Ray T. McCann, Milwaukee, Wis., for Jos. Balistrieri.

Kluwin, Dunphy, Hankin & Hayes, by Gerald T. Hayes, Milwaukee, Wis., for Gaudesi and Bartfield.

DECISION AND ORDER.

MYRON L. GORDON, District Judge.

The defendants in this case have filed numerous motions in connection with the indictment against them. A previous memorandum of this court, 346 F. Supp. 336, dated June 8, 1972, disposed of all motions except those seeking dismissal of the indictment. This decision will deal with the motions to dismiss.

Motions to dismiss the indictment have been made by all defendants in this action. Nine of the ten counts—counts II through X—relate to single individuals; therefore they will be considered by specific reference to the named defendant involved. The other count—count I —charges a conspiracy among all defendants, and it will be considered last, for it relies on some of the substantive offenses in the other nine counts for support.

## COUNTS VIII, IX and X

It is charged in counts VIII, IX and X that the defendant Frank Balistrieri was engaged in the operation of a retail liquor business upon which a special tax was imposed and that he failed to register information required of such persons on three specified occasions, each count representing a separate occasion. It is alleged that such failures constitute violations of 26 U.S.C. § 5603(a) (1). Mr. Balistrieri contends that each of these counts fails to state an offense against the United States.

In order to assess the charges and evaluate the challenges thereto, it is necessary to outline the statutory and regulatory taxation scheme involved under the relevant parts of Title 26, U.S.C., the Internal Revenue Code.

Section 5121(a) of the Code requires "[e]very retail dealer in liquors" to pay a "special tax" of $54 per year. Although not specifically stated, it is apparent that such tax is required of each retail liquor *business*. Thus, an individual dealer may be liable for more than one tax if he operates more than one retail liquor business, while several individuals or a corporation operating but one retail liquor business are liable for but one tax. Blumenfield v. United States, 306 F.2d 892, 900 (8th Cir. 1962); 26 U.S.C. § 5143(a).

Section 5691(a) provides criminal penalties for willful failure to pay the special tax. United States v. Reeves, 425 F.2d 1063 (10th Cir. 1970).

Record books concerning liquors received are required to be kept by "[e]very retail liquor dealer in liquors" according to § 5124(a). Section 5555 requires all persons subject to tax under chapter 51 [which includes § 5121(a)] to "keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary or his delegate may prescribe." This latter section has been used as authority for regulations which expand the receipts records requirements, which create limited sales records require-ments, and which prescribe record retention and copying requirements. 26 C.F.R. §§ 194.239, 194.242, 194.243.

Section 5603 provides for penalties relating to records, returns, reports, summaries, transcripts or other documents required to be kept or filed under chapter 51. Section 5603(a) (1) authorizes a felony charge for anyone who, with intent to defraud the United States, fails to keep any such document or to make required entries therein.

These provisions are all part of subtitle E of the Code, "Alcohol, Tobacco, and Certain Other Excise Taxes," and their relationship is relatively clear. Section 5121(a) defines a class—retail liquor dealers—required to pay a special tax and imposes that tax. Section 5124(a) and, in a more general sense, § 5555 require the members of that class to keep certain records pertaining to their liquor inventories. Section 5691(a) provides penalties for failure to pay the tax. Section 5603(a) (1) provides the punitive redress for failure to keep the records. Kubik v. United States, 395 F.2d 170 (8th Cir. 1968), cert. den. 393 U.S. 844, 89 S.Ct. 127, 21 L.Ed.2d 115 (1968).

Although the special tax required of retail liquor dealers is *imposed* by § 5121(a), the requirement of a return is found in § 6011. This general provision authorizes regulations and forms and requires the reporting of information required therein for any tax imposed under the Code. The regulations promulgated under this section include a requirement for the filing of a special tax return—form 11—by "[e]very person who intends to engage in a business subject to special tax" as a liquor dealer, including retail liquor dealers. 26 C.F.R. § 194.104.

Penalties and forfeitures for failure to comply with the taxing and reporting requirements of the Code generally are found in chapter 75. The two most basic crimes in chapter 75 are § 7201, willful attempts to defeat or evade any tax imposed under the Code (a felony), and

§ 7203, willfull failure to file return, supply information, keep records or pay tax when required to do such under the Code (a misdemeanor).

Here again the statutory scheme is relatively clear. These provisions are all part of subtitle F, "Procedure and Administration." Section 6011 requires the filing of a return and the regulations thereunder prescribe the form to be used and the information to be given. The sections within chapter 75 provide the punitive redress, in addition to interest and penalties provided elsewhere (see, e. g., 26 U.S.C. §§ 6601, 6651; 26 C.F.R. §§ 194.109, 194.110, 194.111). Because these sections are intended to cover all taxes under the Code, their language is necessarily general, and, therefore, somewhat broad. As a result, there is some overlapping between the provisions of chapter 75 and chapter 51. Specifically, failure to pay the special tax required under § 5121(a) could be punishable under both § 5691(a) and § 7203. Also, the record books of liquor receipts required to be kept by § 5124(a) could, if not so kept, subject the taxpayer to prosecution under a literal reading of § 7203, even though a penalty for the same act is provided under § 5603(a) (1). Section 7203 provides that its penalty shall apply "in addition to other penalties provided by law". Whether the records required under § 5124(a) are the type which § 7203 was intended to preserve and whether Congress intended the punitive measures of both chapters to apply to a failure to pay the special tax or to keep such records need not be decided in this case.

In addition to the imposition of tax under § 5121(a) and the requirement of returns under § 6011, the Code provides a third mandate for retail liquor dealers—registration. Section 7011 provides that "[e]very person engaged in any trade or business on which a special tax is imposed" shall register his "name or style, place of residence, trade or business, and the place where such trade or business is to be carried on." The statute further provides that in the case of a firm or company, the names and addresses of all persons constituting the firm or company shall be registered. It is clear that the class of persons this section applies to—persons engaged in any trade or business on which a special tax is imposed—includes the more limited class under consideration here—retail liquor dealers subject to a special tax under § 5121(a).

The registration is accomplished by including the information required by § 7011 and the regulations thereunder in the form 11 required to be filed by § 6011. See 26 C.R.F. § 194.106. It appears that the regulations are designed to accomplish registration without the requirement of an additional form or procedure. Registration requires nothing more than supplying the required information on the form already required for the special tax.

Section 7272 provides a penalty of $50 for anyone required to register who fails to do so. This section clearly applies to persons required to register under § 7011.

The statutory scheme of the registration requirement is also apparent. These sections are all part of subtitle F. Section 7011 requires retail liquor dealers, among others, to register specified information, regulations dictate the manner of accomplishing that registration, and § 7272 provides the penalty for failure to comply.

█ It is apparent from this examination of the statutory pattern that counts VIII, IX and X fail to allege offenses against the United States. In these counts, Frank Balistrieri is alleged to have violated § 5603(a) (1) by failing to register under § 7011(a). As has been shown, § 5603 applies only to non-compliance with chapter 51. The registration requirements of § 7011(a) clearly are not part of chapter 51, therefore a § 5603(a) (1) violation is not properly chargeable. The government's reasoning in support of its position that §§ 5121, 5603 and 7011 should be read together is strained. No support is offered for that position, and I can find

none. Mr. Balistrieri's failure to register could be charged as a misdemeanor under § 7272 and § 7011, but not as a felony under § 5603(a) (1) and § 7011. Accordingly, counts VIII, IX and X must be dismissed.

## COUNTS II and III

It is charged in counts II and III that the defendant DiGiorgio made statements which he did not believe to be true and correct in his individual income tax returns for 1969 and 1970, respectively, in violation of § 7206(1). Section 7206 is another of the crimes in subtitle F of the Code. Mr. DiGiorgio contends that these counts do not charge offenses against the United States. He also contends that the statements alleged to have been made without belief in their truth and correctness were not material matters. He claims that the purpose of the Internal Revenue Code is collection of taxes and, therefore, that no statement is material unless it constitutes an attempt to evade taxes.

Section 7206(1) prohibits any person, under penalty of felony conviction, from willfully making and subscribing any return, statement or other document which contains or is verified by a written declaration that it is made under the penalties of perjury, if he does not believe it is true and correct as to every material matter. The gist of the offense is make-belief in its falsity as to a material matter. The statute does not explicitly require the presence of a false material matter, but rather a belief that a material matter is false. Thus, the subscriber's state of mind is the controlling consideration.

■ Counts II and III adequately allege the elements of the offenses. They charge that Mr. DiGiorgio willfully made and subscribed returns verified by the specified perjury declarations, specifically, 1969 and 1970 individual income tax returns. They also charge that he did so although he did not believe that certain material statements in schedule C of each return were true and correct, specifically, that he carried on the business activity of running the "Kings IV".

■ Mr. DiGiorgio's claim of immateriality is not persuasive. The purpose of schedule C is to determine profit or loss from the carrying on of a business as a sole proprietorship; I find that the matter of the identity of that proprietor is indeed material. Thus, a statement made in schedule C as to the identity of that proprietor will violate the statute if the maker does not believe the statement to be true and correct. Finally, materiality of the unbelieved statement does not depend on an intent to avoid taxes.

> "The offense to which this section [7206] is directed is not evasion or defeat of tax. Rather it is falsification . . . as to any material matter." Edwards v. United States, 375 F.2d 862, 865 (9th Cir. 1967).

Counts III and IV also charge Mr. DiGiorgio with violations of § 7206. They allege that he made statements which he did not believe to be true and correct in the form 11 returns he filed on or about February 28, 1969, and August 1, 1969, respectively. In addition to repeating the challenges made to counts II and III, Mr. DiGiorgio contends that counts IV and V are legally insufficient in that they are predicated upon an erroneous theory that § 7206(1) requires the "owner" to file form 11.

■ As in counts II and III, the gist of the offenses charged in counts IV and V is that Mr. DiGiorgio willfully made and subscribed returns verified by the specified declarations although he did not believe that certain material statements therein were true and correct. The specific statements involved are declarations of ownership of the "Kings IV." Section 7206(1) does not require that only an owner file form 11; rather, it is necessary that a statement as to ownership be made with belief in its truth and correctness. The form 11 return seeks information under the au-

thority of § 6011 and § 7011 and the regulations issued thereunder for taxation and registration purposes, as previously explained in this decision.

It is true that the word "owner" is not used in those statutes and is not clearly defined in the regulations issued thereunder. It is also true that "owner" cannot be limited to any strict property sense of the word in this context. Kubik v. United States, 395 F.2d 170, 172 (8th Cir. 1968), cert. den. 393 U.S. 844, 89 S.Ct. 127, 21 L.Ed.2d 115 (1968); Blumenfield v. United States, 306 F.2d 892 (8th Cir. 1962); United Cigar Whelan Stores v. United States, 113 F.2d 340 (9th Cir. 1940). Nevertheless, these factors do not allow this court to conclude as a matter of law that the defendant therefore committed no offense by declaring himself to be the owner on the form 11 returns. Mr. DiGiorgio is charged with making such declarations without believing them to be true and correct. An expansive concept of ownership merely makes the factual issue of his subjective belief more difficult to prove.

Counts II, III, IV and V charging Mr. DiGiorgio with substantive violations of § 7206(1) are sufficient to withstand his motions to dismiss.

### COUNTS VI and VII

Counts VI and VII charge the defendant Gaudesi with violations of § 7206(1) under allegations similar to those made against the defendant DiGiorgio. Specifically, he is charged with making and subscribing a form 11 return on or about June 29, 1970, and a 1970 individual income tax return, respectively, containing the same statements alleged to have been made on the defendant DiGiorgio's like returns, without belief in their truth and correctness. He makes the same challenges as were made to counts II, III, IV and V. In addition to these challenges, he alleges that the indictment is defective for vagueness.

The discussion above concerning the defendant DiGiorgio's contentions also applies here and need not be repeated. Mr. Gaudesi's additional contention of vagueness is without merit; it raises questions which go to the matter of proof of the offenses alleged and have no bearing at this stage of the proceedings.

Counts VI and VII charging Mr. Gaudesi with substantive violations of § 7206(1) are sufficient to withstand his motions to dismiss.

### COUNT I

Count I of the indictment is a conspiracy charge involving the defendants already named in the discussion of the substantive counts, counts II through X, plus the defendants Alioto, Bartfield and Joseph Balistrieri. In essence, count I alleges an agreement to commit three offenses against the United States and to perform other acts; it then lists several overt acts performed to effect the alleged conspiracy. Defendants urge that the acts charged as the illegal objects of the conspiracy do not constitute offenses against the United States.

■ Paragraph 1(a) of count I states that the first object of the conspiracy was to avoid the registration requirements of § 7011(a), in violation of § 5603(a) (1). As stated previously, however, failure to comply with § 7011(a) does not constitute an offense under § 5603(a) (1) for the reason that § 5603(a) (1) is limited in applicability to violations of the requirements of chapter 51. Therefore, paragraph 1(a) does not sufficiently state an offense against the United States and consequently does not set forth an illegal object of the alleged conspiracy.

■ Paragraph 1(b) of count I states that the second object of the conspiracy was to submit and file and cause to be submitted and filed individual income tax returns for the years 1969 and 1970 which were not true and correct as to every material matter. The returns claimed that the respective taxpayers named therein carried on the business of the "Kings IV" when they allegedly did

not, in fact, do so. It is urged by the government that this constitutes a violation of § 7206(1). The substantive counts based on these allegations were discussed previously.

The offense under § 7206(1) is the willful making and subscribing of returns verified by a specified declaration without belief in their truth and correctness. Individual income tax returns do not present the problems of definition associated with the words "owner" and "dealer". One either "carries on the business" as a sole proprietor, and accounts for the profit or loss, or he does not. Since personal income taxes are aimed at the individual and not the business, individuals actually carrying on unincorporated businesses—those with proprietary and not merely managerial interests—must show that fact on their individual income tax returns. Since the proper taxpayer in such situations is apparent, an allegation of an agreement to cause a false statement of his identity to be made in a return carries with it an allegation of a lack of belief in the truth and correctness of such statement.

■ The charge in paragraph 1(b) is sufficient to withstand the motions to dismiss. The allegation is reasonably clear, but even if it were not a model of drafting technique, it has been held that an offense alleged as an object of a conspiracy need not be as perfectly pleaded as a substantive offense. United States v. De Sapio, 299 F.Supp. 436 (S.D.N.Y. 1969). In addition, it need not be charged with the same completeness as is required for the substantive offense. United States v. Brandom, 273 F.Supp. 253, 258 (E.D.Wis.1967).

■ Paragraph 1(c) of count I states that the third object was to submit and file and cause to be submitted and filed several form 11 returns, for listed periods, which were not true and correct as to every material matter. The forms are said to have stated that the respective taxpayers named therein were the "owners" of the "Kings IV" when they allegedly were not.

■ As stated in the discussion of paragraph 1(b), the essence of the offense under § 7206(1) is the lack of belief in the truth and correctness of the matter represented. Here there is no allegation of such lack of belief but rather a charge that the statement was incorrect. An inaccurate statement, in and of itself, is not a violation of § 7206(1). Although the liberal pleading allowed in conspiracy charges might arguably allow an allegation of lack of belief in truth and correctness to be read from the charge in paragraph 1(b), I conclude that it may not be permitted here.

Form 11 returns do not serve the same function as form 1040 returns. The former are not aimed at assessing a specific individual's tax liability on a graduated scale, but, rather, they are intended to tax a specified type of business at a fixed rate. As a result, the specific identity of the person required to file the form 11 does not seem to be as important. As the previous discussion concerning the substantive counts related to the special tax suggests, there is some uncertainty about the identity of the proper taxpayer in this area. The problem results from the statutory superimposition of the concept "person engaged in the business" upon the concept "retail dealer in liquors", the attempt through regulations to satisfy the largely distinct requirements of reporting tax information and registration information on the same form, and the birth of the undefined term "owner" in the regulations and on the form 11 itself.

It does not follow, however, that the problem is so acute as to invalidate the statutory and regulatory scheme. Reconciliation appears to be possible, for example, by reading the phrase "person engaged in the business" in the generally applicable statute as generic of the phrase "retail dealer in liquors" in the specifically applicable statute. Thus, the reporting and registration require-

ments would fall on the same individual. Use of the word "owner" on form 11 would not upset this concept because the term is not limited to a strict meaning. Its meaning is flexible and elastic and depends in large measure on the manner of its use. Blumenfield v. United States, 306 F.2d 892, 899 (8th Cir. 1962).

 Section 7206(1) may be violated by a claim of ownership if the person making that claim does not believe it to be true and correct in any reasonable sense of the word "owner"; indeed, this is the precise reason for upholding substantive counts IV, V and VI. The test lies in his belief. A violation is not properly alleged, however, simply by charging that the claim of ownership is not factually correct. The variable nature of the term prohibits reading in an allegation of lack of belief in truth and correctness. In light of this, paragraph 1(c) does not sufficiently state an offense against the United States and consequently does not set forth an illegal object of the alleged conspiracy.

Despite the legal insufficiency of paragraphs 1(a) and 1(c), I find that count I adequately states a violation of the conspiracy law.

"The gist of the offense of conspiracy . . . is agreement among the conspirators to commit *an* offense attended by an act of one or more of the conspirators to effect the object of the conspiracy." United States v. Falcone, 311 U.S. 205, 210, 61 S.Ct. 204, 207, 85 L.Ed. 128 (1940) (emphasis added).

An agreement among the conspirators to commit an offense—that described in paragraph 1(b)—is sufficiently alleged, as are various overt acts to effect the object.

Therefore, it is ordered that the motions to dismiss counts VIII, IX and X of the indictment be and hereby are granted, and that the motions to dismiss counts I, II, III, IV, V, VI and VII be and hereby are denied.