UNITED STATES of America, Plaintiff,

v.

David Sylvan FINE, Defendant.

No. 70–Cr–126.

United States District Court,
W. D. Wisconsin.

April 29, 1976.

See also, D.C., 413 F.Supp. 740.

David C. Mebane, U. S. Atty., Madison, Wis., for plaintiff.

Shellow & Shellow, by James Shellow, Stephen Glynn, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant David Fine has filed motions to dismiss the indictment in the above action, to dismiss various counts thereof, for disclosure or in the alternative to dismiss various counts of the indictment, and for a

bill of particulars. In addition, the government and the defendant have both filed motions dealing with the discovery of various matters. This opinion is addressed only to those motions which are directed at the indictment in this action. The discovery motions will be dealt with in a separate opinion.

## MOTIONS TO DISMISS THE INDICTMENT

The defendant filed two motions to dismiss the five-count indictment in this action on the grounds of discriminatory enforcement and discriminatory selection of grand jurors. These motions have been abandoned by the defendant and will not be considered.

## MOTION TO DISMISS COUNT ONE

■ The defendant has moved to dismiss count one, the conspiracy count, on the ground that it fails to state an offense cognizable under the laws of the United States. The defendant contends that count one fails to state a violation of 18 U.S.C. § 371 in that it fails to aver the essential elements of the substantive offenses alleged to be the object of the conspiracy. I believe that this motion should be denied.

It is clear that the object alleged in a § 371 conspiracy count must be an offense against the United States, if the indictment is to be valid. *United States v. Clay,* 495 F.2d 700, 710 (7th Cir. 1974). The question at issue in this motion is to what degree of precision the substantive offenses must be alleged.

The court of appeals for the seventh circuit analyzed the tests for the sufficiency of conspiracy indictments in *United States v. Kahn,* 381 F.2d 824, 829 (7th Cir. 1967), cert. denied 389 U.S. 1015, 88 S.Ct. 591, 19 L.Ed.2d 661 (1967), rehearing denied 392 U.S. 948, 88 S.Ct. 2272, 20 L.Ed.2d 1413 (1963), and stated:

"It is not necessary in a conspiracy indictment to allege with precision all the elements essential to the offense which is the object of a conspiracy; allegations

clearly identifying the offense defendants conspired to commit are sufficient. *Wong Tai v. United States,* 273 U.S. 77, 81, 47 S.Ct. 300, 71 L.Ed. 545 (1927)."

A similar analysis was stated by this court in *United States v. Brandom,* 273 F.Supp. 253, 258 (E.D.Wis.1967):

"As applied to a conspiracy count, there are three elements which must be present in the indictment. The agreement, the unlawful object towards which the agreement is directed, and an overt act. *United States v. Offutt,* 75 U.S.App.D.C. 344, 127 F.2d 336, 338 (1942);

. . . . .

"With regard to the unlawful object as an element of the offense, this need not be charged with the same completeness as is needed when the crime itself is charged."

See also, *United States v. Grizaffi,* 471 F.2d 69 (7th Cir. 1972).

The government argues that *Davis v. United States,* 253 F.2d 24 (6th Cir. 1958), provides the appropriate standard for determining whether the allegations clearly identify the substantive offense. That decision indicates that a conspiracy count is sufficient if it refers to a specific section of the statutes even if it does not allege all elements of the substantive offense which is the object of the conspiracy. See also *United States v. Mixon,* 374 F.2d 20 (6th Cir. 1967). This standard for the sufficiency of conspiracy indictments has been rejected in this circuit. *United States v. Calhoun,* 257 F.2d 673, 680 (7th Cir. 1958). See *United States v. Wabaunsee,* 528 F.2d 1 (7th Cir. 1975).

The applicable test is stated in *Kahn, supra:*

"The test for the sufficiency of an indictment is 'whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a

formal acquittal or conviction." ' *Hagner v. United States,* 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861 (1932); *United States v. Airdo,* 7 Cir., 380 F.2d 103 (June 19, 1967)."

The decision in *Kahn* also states at page 830:

"Since an overt act is part of the offense, we see no reason why it may not be used to clarify the remainder of the count. This reading of the count as a whole is in accord with modern practice in reading indictments."

The court explained its rationale in footnote 3, page 830:

"It is an anomaly that an indictment charging a conspiracy must charge an agreement to commit an offense, the object of the conspiracy, and an overt act . . . but that allegations under the title of overt acts supposedly may not be resorted to in order to clarify the language charging the conspiracy . . . . We have searched for the reason for this anomaly, but have found none other than dead forms ruling from the grave."

Another aspect of the standard for examining the sufficiency of indictments is noted at page 829 of the *Kahn* decision:

" 'Upon a proceeding after verdict at least, no prejudice being shown, it is enough that the necessary facts appear in any form, or by their fair construction can be found within the terms of the indictment.' *Hagner v. United States,* supra 285 U.S. at 433, 52 S.Ct. at 420. Cf. Rule 52(a), Federal Rules of Criminal Procedure, 18 U.S.C.A.

"While *Hagner* may be distinguished by the fact that it was concerned with a post verdict attack upon an indictment, its reasoning is applicable to indictments attacked before verdict, as long as no prejudice to defendants is shown in the indictment."

I believe that when count one of the instant indictment is read as a whole, it is sufficient to allege a conspiracy in violation of 18 U.S.C. § 371. Count one charges the defendant with conspiring to commit offenses against the United States which consist of "injur[ing] by means of a destructive device the Mathematics Research Center and property contained in Sterling Hall at the University of Wisconsin." The indictment lists the statutory sections of the following offenses which are asserted to be the objects of the conspiracy: (1) injuring property of the United States [18 U.S.C. § 1361]; (2) using a firearm to commit a felony prosecutable in a court of the United States [18 U.S.C. § 924(c)]; and (3) possessing an unregistered firearm [26 U.S.C. §§ 5861(d) and 5871].

The defendant argues that count one fails to allege that "the Mathematics Research Center and the property contained in Sterling Hall at the University of Wisconsin" are property of the United States, and that the "destructive device" allegedly used to injure the Mathematics Research Center and property in Sterling Hall was not registered. These are essential elements of the substantive offenses alleged as objects of the conspiracy.

Count one alleges several overt acts and incorporates by reference "each and all of the several acts" described in counts two, four and five of the indictment. Those incorporated allegations aver that the defendant "willfully and by means of a destructive device did injury property of the United States, to wit: an accelerator and computer, thereby causing damage in excess of One Hundred Dollars ($100.00) in violation of Title 18, United States Code Sections 1361 and 2," and that the defendant "willfully and knowingly possessed a firearm, to wit, a destructive device which had not been registered . . . in violation of Title 26, United States Code, Section 5861(d) and 5871 and Title 18, United States Code, Section 2." I believe that these allegations, incorporated by reference into count one, sufficiently allege the elements of the substantive offenses which the defendant argues are not alleged at all in that count.

This conclusion is not inconsistent with my decision in *United States v. Balistrieri,* 346 F.Supp. 341 (E.D.Wis.1972), that two of the three acts charged as the objects of an

alleged conspiracy did not constitute offenses against the United States. One of the objects charged in that case was avoiding the registration requirements of 26 U.S.C. § 7011(a), in violation of 26 U.S.C. § 5603(a)(1). Avoiding the requirements of § 7011(a) was not and could not be a violation of § 5603(a)(1), since the latter statute was limited in applicability to a different set of regulatory provisions. Accordingly, the allegations, on their face, were insufficient to constitute offenses against the United States. The second object charged which was found to be insufficient in *Balistrieri* involved a violation of 26 U.S.C. § 7206(1), which requires as an essential element that the defendant lack belief in the truth and correctness of representations made and filed on certain forms. There were no allegations as to that essential element in the conspiracy count, nor any allegations in that count which could be construed. to imply that element. Here, the overt acts are explicitly incorporated into the conspiracy count and are sufficient to meet the standards for alleging the objects of a conspiracy.

Accordingly, the defendant's motion to dismiss count one of the indictment will be denied.

## MOTION TO DISMISS COUNT TWO

■ The defendant filed a motion to dismiss count two of the indictment on the grounds that count two is a lesser included offense within count four and the indictment is therefore multiplicitous, and that count two "fails to apprise the defendant adequately of the offense with which he is charged in that it neither specifies which computer was damaged, nor which accelerator was damaged, nor the location of either of these." The defendant has withdrawn the first ground for the motion so only the second ground will be considered here.

The Supreme Court recently stated in *Hamling v. United States,* 418 U.S. 87, 117–18, 94 S.Ct. 2887, 2907–08, 41 L.Ed.2d 590, 620–21 (1974):

> "Our prior cases indicate that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hagner v. United States,* 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *United States v. Debrow,* 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953). It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.' *United States v. Carll,* 105 U.S. 611, 612, 26 L.Ed. 1135 (1882). 'Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.' *United States v. Hess,* 124 U.S. 483, 487, 8 S.Ct. 571, 573, 31 L.Ed. 516 (1888)."

Count two of the instant indictment reads as follows:

> "On or about August 24, 1970, in Madison, Wisconsin, within the Western District of Wisconsin
>
> KARLETON LEWIS ARMSTRONG,
> a/k/a KARL ARMSTRONG,
> DWIGHT ALAN ARMSTRONG,
> LEO FREDRICK BURT, and
> DAVID SYLVAN FINE,
>
> willfully and by means of a destructive device did injure property of the United States, to wit: an accelerator and computer, thereby causing damage in excess of One Hundred Dollars ($100.00) in violation of Title 18, United States Code, Sections 1361 and 2."

The cases on which the defendant relies involved indictments which provided much less specific information than does count two of this indictment. In *Davis v. United States,* 357 F.2d 438 (5th Cir. 1966), cert. denied 385 U.S. 927, 87 S.Ct. 284, 17 L.Ed.2d

210 (1966), the offense of attempting to derail a train operated in interstate commerce was insufficiently alleged in a count which merely stated the date and the name of the railroad company involved, described the location of the offense as "in the Southern District of Florida," and provided no other identification of the railroad equipment involved beyond the statutory language "train." In *Beitel v. United States,* 306 F.2d 665 (5th Cir. 1962), an indictment which alleged the concealing of "assets" was insufficient to allege a violation of a statute proscribing the concealing of "property," since "assets" was a less specific term than "property." The court in *United States v. Strauss,* 285 F.2d 953 (5th Cir. 1960), dismissed an indictment for "transferring property," stating at page 955, "The indictment fails to identify any property of Strauss Jewelers, Inc., which the defendant transferred or caused to be transferred."

I believe that count two of this indictment, which apprises the defendant of the location and nature of the property, the date on which the offense is alleged to have occurred, and the means by which the injury was brought about, in addition to alleging the essential elements of the offense, is sufficient under the standards noted above.

Accordingly, the defendant's motion to dismiss count two will be denied.

## MOTION TO DISCLOSE OR TO DISMISS COUNT TWO

The defendant filed a motion for an order "requiring the Government to disclose to defendant whether the accelerator and computer are the property of the United States, or whether they are the property of the Atomic Energy Commission." He contends that should title reside in the Atomic Energy Commission (AEC), he would be entitled to dismissal or acquittal on count two.

The government has agreed to comply voluntarily with the defendant's disclosure request and "will produce for the defendant's inspection and copying any documents in its custody or control which relate to the ownership of the accelerator and computer referred to in Count II."

Accordingly, the motion to disclose need not be ruled upon by the court. Furthermore, I believe the defendant's alternative motion to dismiss count two should be denied.

Section 1361, Title 18, United States Code, makes unlawful the willful injury of "property of the United States, or of any department or agency thereof." Count two of the instant indictment, quoted above, charges the defendant with injuring "property of the United States, to wit: an accelerator and computer." The defendant does not contest the fact that the AEC is an "agency of the United States." Instead, he contends that proof of ownership by the AEC of the accelerator and computer referred to in count two would constitute a material variance between the proof at trial and the charge in the indictment.

■ Ownership of the injured property is one of the essential elements of proof under 18 U.S.C. § 1361, and, as such, it is properly part of the government's proof at the trial of this action. I have determined that count two of the instant indictment is sufficient on its face; it would also appear to have been returned by a lawful and legally convened grand jury. Under these circumstances, there "is enough to call for trial of the charge on the merits." *Costello v. United States,* 350 U.S. 359, 363, 76 S.Ct. 406, 409, 100 L.Ed. 397, 402 (1956). I believe that the rule set forth in *Costello* precludes the defendant from raising at this time his contention that proof at trial of AEC ownership of the property would constitute a material variance.

This is especially the case where, as here, the defendant does not claim that he would be surprised by evidence presented on this issue at trial, and where it is clear from the government's statement on disclosure that there will be no such surprise. The defendant does not suggest that prejudice would result from being left unprotected against a second prosecution for the same offense following trial, but he urges that a termination of the case on the present state of the

record, as for example, by a guilty plea, would not protect him from double jeopardy. The defendant overlooks Rule 11(f), Federal Rules of Criminal Procedure, which requires the court to make "such inquiry as shall satisfy it that there is a factual basis for the plea" before accepting a guilty plea. I believe that the contents of such an inquiry, on the record, would provide the defendant with the protection against double jeopardy which he claims is not provided in count two of the indictment.

The defendant also raises "the problem of whether the defendant is being prosecuted for the same offense as that charged by the grand jury," stating, "In this case there is no definition of what computer and accelerator is involved except that it is one owned by the Government of the United States." However, the indictment does state that the property was located in Madison, Wisconsin, and that it was injured on August 24, 1970, by means of a destructive device. The defendant has not suggested that in fact he is being or may be prosecuted for injuring another computer and accelerator than those referred to by the grand jury or that evidence at trial will indicate that that is the case. I believe that *Costello* requires that the government be provided an opportunity to bring the charges of count two to trial.

Accordingly, the defendant's alternative motion to dismiss count two will be denied.

## MOTION TO DISMISS COUNT THREE

■ The defendant filed a motion to dismiss count three on the grounds that it fails to charge an offense under 18 U.S.C. § 245(b)(1)(E), that it is duplicitous in that it charges two crimes within the same count, and that it alleges a violation of an unconstitutional statute in that 18 U.S.C. § 245 imposes severe criminal sanctions on a theory of strict liability. The second and third of these grounds have been abandoned by the defendant and will not be considered. The remaining ground is set forth in the defendant's motion as follows:

"Count Three fails to charge an offense under 18 U.S.C. § 245(b)(1)(E). Specifi-

cally, defendant invites the attention of the Court to the wording of this statute which requires that one who violates this provision must willfully injure, intimidate or interfere with 'any *person*,' whereas the allegation in Count Three is that defendant willfully injured, intimidated and interfered with a '*class* of persons.' "

The defendant's motion to dismiss count three will be denied.

The third count of the indictment in this action asserts that the defendant and named codefendants

"[D]id injure, intimidate, and interfere with the class of persons participating in a program at the University of Wisconsin, receiving Federal financial assistance and called Research In Application of Applied Mathematics because of the participation of that class of persons in that program.

"That is to say, that on or about August 24, 1970, the said defendants did willfully cause an explosion to occur at Sterling Hall at the University of Wisconsin, wherein the aforesaid class of persons participated in the said program, which explosion damaged Sterling Hall, injured three persons, and caused the death of Robert E. Fassnacht, and did thereby willfully and forcibly injure, intimidate, and interfere with and attempt to injure, intimidate, and interfere with the aforesaid class of persons because of their participation in a program receiving Federal financial assistance, in violation of Section 245(b)(1)(E), Title 18 United States Code."

Section 245(b)(1)(E), Title 18 United States Code provides that:

"Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with—

"(1) Any person because he is or has been, or in order to intimidate such person or any other person or any class of persons from—

"(E) Participating in or enjoying the benefits of any program or activity re-

ceiving Federal financial assistance; . . . shall be [punished]."

I believe that count three of the instant indictment adequately alleges a violation of this statute, notwithstanding the departure from the exact language of the statute pointed out by the defendant.

"It is not a requirement of the Federal Rules of Criminal Procedure that an indictment follow the exact language of the statute although in many, if not most, instances that would appear to be the better practice. It is sufficient if the indictment sets forth the essential facts constituting the crime charged with words of 'similar import.'" (citations omitted) *United States v. White,* 475 F.2d 1228, 1235 (4th Cir. 1973).

The import of the words used in count three, that the defendants "did injure, intimidate, and interfere with the class of persons" defined in that count, is unmistakably that the defendants did injure, intimidate, and interfere with the *persons* comprising that class. I am unable to find that the defendant is in any way prejudiced by the wording of this count of the indictment. The class of persons to which reference is made is clearly and unambiguously defined in the indictment, and a member of that class, alleged to have been fatally injured in the explosion, is identified by name. The government has agreed to provide the defendant with the names and addresses of persons participating during the applicable time period in the Research in Application of Applied Mathematics program at the University of Wisconsin and of the individuals injured by the explosion. Furthermore, it is apparent that the allegations of count three are sufficiently specific to insure that the offense for which the defendant is being prosecuted is the same offense for which the grand jury indicted him.

For the above reasons, the defendant's motion to dismiss count three will be denied.

## MOTION TO DISMISS COUNT FOUR

The defendant has filed a motion to dismiss count four for failure to apprise

the defendant adequately of the offense with which he is charged, for failure to allege an offense, for multiplicity when considered in conjunction with count two, and because use of the "destructive device" referred to in count four does not constitute a violation of 18 U.S.C. § 921(a)(4). I believe that this motion should be granted.

The defendant's contention that count four fails to apprise him adequately of the offense with which he is charged is identical to his contention with respect to count two regarding the identification of the accelerator and computer referred to in that count. This contention will be rejected with respect to this count, based on the same reasons for which it was rejected with respect to count two.

There are two grounds to the defendant's claim that count four fails to allege an offense: first, "because it asserts that defendant used a destructive device to commit a felony 'prosecutable' in a court of the United States, whereas 18 U.S.C. § 924(c) forbids the use of such a device to commit any felony 'for which he may be prosecuted' in a court of the United States;" and second, "in that it alleges that the felony 'prosecutable' was that of 'unlawfully' injuring property of the United States in violation of 18 U.S.C. § 1361. Section 1361 requires that such injury be perpetrated 'willfully'."

The first of these grounds for the motion to dismiss is without merit, since the defendant refers to the language of an amended statute, not the statute under which he was indicted. The defendant was indicted for activities which allegedly took place on or about August 24, 1970. At that time, 18 U.S.C. § 924(c) provided penalties for anyone who "uses a firearm to commit any felony for which may be prosecuted in a court of the United States." Only later, on January 2, 1971, was § 924(c) amended to contain the language which the defendant contends is required.

There is merit, however, to the defendant's contention that count four fails to allege an essential element of the violation

of 18 U.S.C. § 1361 which underlies the charge under § 924(c). One of the essential elements of a charge under § 1361 is that the injury to the property of the United States be "willful." *United States v. Simpson,* 460 F.2d 515, 518 (9th Cir. 1972); *United States v. Moylan,* 417 F.2d 1002, 1004–05 (4th Cir. 1969); *United States v. Boardman,* 419 F.2d 110 (1st Cir. 1969). The government has not suggested otherwise.

The indictment charges that the defendant "willfully and knowingly used a firearm, to wit, a destructive device, to commit a felony prosecutable in a Court of the United States, that is, to unlawfully injure property of the United States." There is no allegation that the injury of the property of the United States was "willful." The government notes that the count "specifies in clear and unambiguous language that the use of the firearm was willful," but it does not suggest either that willful use of a firearm is identical to willful injury of property or that the word "willful" in the indictment can fairly be read to refer to both the use of the firearm and the injury of the property.

The government does not contend that the allegation that the property was injured "unlawfully" is sufficient to state the knowledge or intent element of the underlying offense. In *Hughes v. United States,* 338 F.2d 651, 652 (1st Cir. 1964), the court stated:

"It would seem to us that 'unlawfully' is a conclusion of law meaning 'contrary to law' and no more. We do not interpret it as meaning 'knowingly.' "

What the government does argue is the following:

"The description of the prosecutable felony alleged to have been commited [sic] by the defendant is sufficiently specific to enable this defendant to adequately prepare for trial and to plead double jeopardy in the event of subsequent prosecution."

The court of appeals for the seventh circuit has termed this argument "specious" in an analogous context and stated that "this argument misses the point and is of no aid in support of the legal sufficiency of the charge." *United States v. Pearce,* 275 F.2d 318, 324 (7th Cir. 1960).

Since there is no allegation that the injury of the property of the United States referred to in count four was willful, the count fails to allege a violation of 18 U.S.C. § 1361 and therefore fails to allege a violation of 18 U.S.C. § 924(c).

Accordingly, the defendant's motion to dismiss count four will be granted.

My disposition of this ground of the motion to dismiss count four makes it unnecessary to consider further the other grounds raised by the defendant in support of the motion.

## MOTION TO DISCLOSE OR TO DISMISS COUNT FOUR

The defendant filed a motion for an order "requiring the Government to disclose to defendant whether the accelerator and computer are the property of the United States, or whether they are the property of the Atomic Energy Commission." He contends that should title reside in the Atomic Energy Commission, he would be entitled to dismissal or acquittal on count four.

Since the defendant's motion to dismiss count four, discussed above, will be granted, it is unnecessary for the court to rule on this motion.

## MOTION TO DISMISS COUNT FIVE

The defendant has filed a motion to dismiss count five of the indictment on several grounds. Count five charges the defendant with the possession of an unregistered destructive device in violation of 26 U.S.C. § 5861(d).

Section 5845(f), Title 26, United States Code, reads in pertinent part as follows:

"The term 'destructive device' means (1) any explosive, incendiary, or poison gas (A) bomb, . . . or (F) similar device; . . . and (3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subpara-

graphs (1) and (2) and from which a destructive device may be readily assembled. The term 'destructive device' shall not include any device which is neither designed nor redesigned for use as a weapon; . . . ."

 The first ground for the defendant's motion to dismiss count five depends upon an assumption that the destructive device referred to in that count is the mixture of fertilizer and fuel oil described in count one along with whatever mechanism was used to detonate this mixture. In addition, the defendant assumes that "the mixture of fertilizer and fuel oil is generally recognized as a common and inexpensive blasting agent." The government has accepted the first assumption, but not the second. The defendant has requested an evidentiary hearing on this contested issue, but I find that such a hearing is unnecessary, since I believe that the defendant cannot prevail on this ground even if his second assumption is accepted.

The defendant contends that as a matter of law a device utilizing a mixture of fertilizer and fuel oil for its explosive power is not encompassed within the above definition of "destructive device." He relies primarily on a few cases holding that certain devices utilizing dynamite were not covered by § 5845(f). These cases do not, however, support the proposition that a device utilizing dynamite, or any other specific explosive substance, cannot as a matter of law be a destructive device within the meaning of the statute.

The defendant refers to the following language from *United States v. Curtis,* 520 F.2d 1300, 1302–03 (1st Cir. 1975):

"Among the confusing welter of cases construing section 5845(f) perhaps the only principle uniformly adhered to is that the garden-variety dynamite charge is not itself subject to regulation under the National Firearms Act."

This language alone is quite misleading, as *Curtis* actually holds that a device constructed of eight to ten sticks of dynamite, a timing device and wiring is encompassed within the statute:

"Appellants urge that this larger device is also beyond the reach of the statute, but we must disagree. We could accept their conclusion only if we held that no device in which dynamite was the explosive material could constitute a statutory 'destructive device'. Not even the cases relied on most heavily by appellants go that far. In *United States v. Posnjak,* [2 Cir., 457 F.2d 1110] for example, a conviction based upon possession and transfer of dynamite, blasting caps and fuse was voided, but the court explicitly recognized that 'dynamite might be the explosive material in a device which would fit under the definition.' 457 F.2d at 1117. The statutory purpose would be ill-served by an interpretation which excluded from coverage 'home-made' bombs having no lawful use simply because one of the components was dynamite, a material not in itself regulated as a firearm." 520 F.2d at 1303–04.

In *United States v. Oba,* the court of appeals for the ninth circuit dealt with a similar dynamite-based device, stating:

"In light of the nature of this device and its admitted purpose, it seems absurd to even question its inclusion within the definition of 'destructive device' approved by Congress, or to assert that it is not a weapon." 448 F.2d 892, 894 (1971).

In *United States v. Morningstar,* 456 F.2d 278 (4th Cir. 1972), the court held that black powder and blasting caps, commercial explosives, could constitute components of a destructive device.

The district court in *United States v. Schofer,* 310 F.Supp. 1292 (E.D.N.Y.1970), dismissed one count of an indictment on the ground that the objects involved were not encompassed by the statute. While the materials involved there were commercial explosives, the decision is not authority for the defendant's argument that a device utilizing a commercial explosive cannot fall within the statute's provisions. In fact, the court recognized that the device as a whole, not merely its source of explosive power, must be examined to determine whether it is a "destructive device," and the count was

not dismissed simply because a commercial explosive was one of the components of the device.

"The materials were not assembled for detonation, and the only materials involved were commercial materials. The three types of articles, dynamite, fuse, and caps, are all of a kind generally used for industrial blasting. *No additional materials were found or associated with the dynamite, fuse and caps to change their nature or their usual mode of operation in industrial applications.*" 310 F.Supp. at 1297. (emphasis added)

The court went on to state:

"The statute's terms indicate that it was not intended to reach such ordinary commercial materials through 'intent' alone. . . . *The articles here could be assembled only into the familiar industrial blasting charge;* . . . Since the statute is aimed at the kind of evil articles it describes, and not at evil perversions of the use of articles of innocent commerce without alteration of their nature or mode of operation, it must be concluded that the articles were not within the statute and that the indictment is ill-founded." (emphasis added)

I believe there is no authority for the defendant's contention that the statute excludes bombs or similar devices from the definition of "destructive device" solely on the basis of their utilization of fertilizer and fuel oil, or of any other specific substance, as a source of explosive power. This is not to suggest that all explosive devices are covered by the statute, or that the device allegedly possessed by the defendant is covered by the statute. The contention raised by this ground of the defendant's motion is that no device utilizing such an explosive mixture is covered by the statute—a contention which I reject.

■ The second ground for the defendant's motion is that the registration provisions of sections 5821, 5822 and 5841, Title 26, United States Code, violate the self-incrimination provisions of the fifth amendment. This contention depends on the as-

sumption that a device utilizing a mixture of fertilizer and fuel oil must be possessed by someone who intends to use it unlawfully for it to be a destructive device within the definition of § 5845(f). This position finds its support in the court's consideration of the nature and "admitted purpose" of the device in question in *United States v. Oba*, 448 F.2d 892, 894 (9th Cir. 1971). However, it is apparent from the unambiguous language of § 5845(f) that explosive bombs and similar devices are encompassed by the term "destructive device" without regard to the intent of the possessor, while intent is relevant only with respect to components which may be assembled either into destructive devices or devices which are not covered by the statute. Therefore, the defendant's assumption is incorrect. Moreover, as the court of appeals for the seventh circuit noted in *United States v. Tankersley*, 492 F.2d 962, 967 (1974):

"The Supreme Court in *United States v. Freed*, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971), conclusively determined that the National Firearms Act does not violate the Fifth Amendment right against self-incrimination."

Accordingly, the second ground for the defendant's motion to dismiss count five will be rejected.

■ The defendant's third ground in support of this motion is that if "a mixture of fertilizer and fuel oil constitutes a destructive device only when possessed by someone with unlawful intent, then Count Five fails to charge an offense because such intent is not averred." Since unlawful intent on the part of the possessor is not essential for a mixture of fertilizer and fuel oil to constitute a destructive device, there is no need for such intent to be averred. Therefore, this ground for the motion to dismiss count five will be rejected.

■ The defendant's fourth and final ground for the motion to dismiss count five reads:

"Assuming that the destructive device referred to in Count Five is the same destructive device referred to in Count

One, then it appears that such destructive device was not in existence prior to August 19, 1970, [Count One] and was allegedly possessed on or about August 24, 1970 [Count Five]. Defendant asserts that even if this mixture constitutes a destructive device, and even if he was required to register this destructive device, he is entitled to a reasonable period of time in which to accomplish such registration."

The defendant relies on dicta in *Sizemore v. United States,* 393 F.2d 656 (8th Cir. 1968), which suggests that a reasonable time to register, at least more than one day, must be allowed to a transferee of a firearm in order to convict under 26 U.S.C. § 5841, the predecessor of the statute involved in this action. While the present statute, 26 U.S.C. § 5861, does not require transferees to register, it does require makers and transferors of firearms, including destructive devices, to register. The defendant's contention is essentially that as of August 24, 1970, the reasonable period of time in which to register had not passed. His entire argument depends on the assumption that he could have registered as a maker after August 19, 1970.

The Supreme Court noted in *United States v. Freed,* 401 U.S. 601, 603–04, 91 S.Ct. 1112, 1115, 28 L.Ed.2d 356, 359 (1971):

"Under the present Act only possessors who *lawfully* make, manufacture, or import fireams [sic] can and must register them." (emphasis supplied)

The provisions of 26 U.S.C. § 5841(c) require makers of firearms, including destructive devices, *to apply in advance* for approval to make and register the firearms:

"Each manufacturer shall notify the Secretary or his delegate of the manufacture of a firearm in such manner as may by regulations be prescribed and such notification shall effect the registration of the firearm required by this section. Each importer, maker, and transferor of a firearm shall, *prior to importing, making or transferring a firearm,* obtain authorization in such manner as required by this chapter or regulations issued there-under to import, make, or transfer the firearm, and such authorization shall effect the registration of the firearm required by this section." (emphasis supplied)

Since it is apparent that the makers of firearms must apply to register in advance, the defendant's contention that the interval between August 19, 1970, and August 24, 1970, did not provide a reasonable period in which to register is simply without foundation.

Accordingly, the fourth ground upon which the defendant bases his motion to dismiss count five will be rejected.

For the above reasons, the motion to dismiss count five will be denied.

### CONCLUSION

Therefore, IT IS ORDERED that the defendant's motion to dismiss count one be and hereby is denied.

IT IS ALSO ORDERED that the defendant's motion to dismiss count two be and hereby is denied.

IT IS FURTHER ORDERED that the defendant's motion to disclose or to dismiss count two be and hereby is denied.

IT IS FURTHER ORDERED that the defendant's motion to dismiss count three be and hereby is denied.

IT IS FURTHER ORDERED that the defendant's motion to dismiss count four be and hereby is granted.

IT IS FURTHER ORDERED that the defendant's motion to dismiss count five be and hereby is denied.